## Wolf v. Young Supply Co.

*Albert Blumberg*, for plaintiffs.

*Greenwell, Porter, Smaltz & Royal*, for defendants.

DIGGINS, J., May 25, 1959.—This is a complaint in equity wherein plaintiffs aver that they are the legal and equitable owners of 292 shares of the capital stock of defendant corporation which plaintiffs purchased on July 9, 1958, at a price of $26,300. The said shares were formerly owned by Frank Sacco, Jr., one of defendants, and had been distrained upon by the District Director of Internal Revenue for nonpayment of Federal income taxes owned by the said Frank Sacco, Jr., and sold at public sale to plaintiffs.

The complaint alleges that defendants have refused upon demand to permit plaintiffs to inspect the books and records of account of defendant corporation and that defendants have failed, neglected and refused to keep and maintain a share register as required by law, that the individual defendants have mismanaged the affairs and transactions of defendant corporation to the prejudice and detriment of said corporation and its shareholders, and further alleges that on June 24, 1958, defendant corporation, by and through the approval of the individual defendants, unlawfully issued and sold 572 shares of the capital stock at $45.16 per share, whereas the fair and reasonable value thereof was in excess of $90 per share, and that defendant corporation did not receive any legal consideration for the sale of said 572 shares and accepted promissory notes of the individual defendants, and the shares of stock were distributed to three of the individual defendants, Harry A. Brennan, Ellis S. Malehorn and Clarence J. Malehorn, in their own names, and to one James Sacco, whom plaintiffs allege to be the agent and strawman for defendant, Frank Sacco, Jr., and plaintiffs allege that the purpose of the sale was to increase the amount of outstanding stock of the corporation and thus dilute the percentage of outstanding stock held by plaintiffs and secured at public sale.

The complaint further alleges that defendant corporation entered into a purported employment contract with the said Frank Sacco, Jr., whereby the latter received salary for services not rendered by him and also granted Frank Sacco, Jr., an expense account although no expenses were incurred by him, and further that defendants have permitted Frank Sacco, Jr., to enjoy the personal use of an apartment in defendant corporation's building without payment of rent or for use and occupancy, and there are further allegations that the individual defendants have improperly kept the

books and records of defendant corporation by both understating and overstating the assets of the corporation with the result that the actual profits or losses from the operations of defendant corporation from time to time have been inaccurately and improperly minimized or exaggerated, which course of conduct, it is alleged, has operated to the economic detriment of the corporation, and plaintiffs seek the appointment of a receiver to administer and conserve defendant corporation's property and assets and continue the operation of its business, and for permission to examine the corporation's books and records, and for the cancellation of the 572 shares of stock alleged illegal, and other affirmative relief.

To this bill of complaint, defendants filed preliminary objections alleging in support thereof three grounds:

(1) That plaintiffs in their complaint have improperly joined two types of actions, namely, a derivative action and a direct or personal action;

(2) That the bill is defective because there is no allegation under rule 1506 which provides, inter alia, that there must be an allegation to the effect that each plaintiff was a stockholder or an owner of an interest in the corporation or other entity at the time of the transaction of which he complains, or that his stock or interest devolved upon him by operation of law from a person who was a stockholder or owner at that time;

(3) And the third is that plaintiffs have an adequate remedy at law.

On the first objection, it seems clear that direct and derivative rights cannot be asserted in a single complaint. In order to better understand what is meant by direct and derivative rights and to permit a distinction to be drawn between a shareholder's direct right to sue a corporation or its managers and his

mere derivative right to assert a cause of action which the corporate management has failed to enforce, we should consider that where there is a breach of the contract existing between the corporation and a shareholder by reason of his status as a shareholder, as distinguished from a breach of a contract between the corporation and a third person, or where there is a breach of the fiduciary duty which the directors, officers or majority shareholders owe to a shareholder or the minority shareholders as such, as distinguished from the breach of such a duty owed to the corporation, the shareholder injured by such breach has a direct, personal cause of action.

For example, there is a breach of the shareholder's contract with the corporation and he can sue it personally in the following instances: To enforce his right to inspect the corporate books, to enjoin or cancel the issuance of shares in violation of his preëmptive rights or to recover damages therefor; to compel declaration of a dividend; to collect payment of a dividend declared, or compel issuance of treasury stock declared as a dividend; and to compel transfer on the books or issuance of a share certificate to him as a purchaser or transferee of shares. Likewise there is a breach of the fiduciary duty owed him and he can sue the offending corporation in his own right in situations such as where the directors negotiate a sale of all the stock and persuade other shareholders to go along, but get a secret profit for themselves in return for the sale of their position and influence, or where other shareholders carry out a conspiracy to cause a pecuniary injury to the particular plaintiff shareholder.

In the above cases, the damage is direct and personal to plaintiff shareholder and does not arise merely as a result of a wrong to the corporation, and accordingly, he sues in his own right and the recovery inures to his benefit.

Where the shareholder cannot show any direct injury, personal to himself and apart from injury to the corporation, he cannot sue in his own right. There the cause of action is in the corporation and it is the proper plaintiff, but in such instances, equity permits a shareholder to force assertion of the corporate cause of action, where the corporation fails or refuses, by permitting him to file a bill in equity in which he joins the corporation and the wrong-doing defendant as the parties defendant, and plaintiff's action in such a case is purely derivative and any recovery inures solely to the benefit of the corporation.

There seems no doubt then that there are here both direct and derivative actions and that as far as the derivative actions are concerned, they are properly brought because the corporation did not do so and it is made a party defendant. Query: Does the rule as stated in Hornsby v. Lohmeyer, 364 Pa. 271, at page 274, which holds that joining of two such unconnected causes of action in one bill is defective, sustain defendants' preliminary objections in this point? We think not, but we do think that the complaint is improperly drawn when it does not separate the causes of action, although we think separation in counts and not in suits is sufficient. Pennsylvania Rules of Civil Procedure governing equity, rule 1508, provide that plaintiff may state in his complaint two or more causes of action cognizable in equity. Certainly these are both cognizable in equity and indeed in this particular case commend themselves to consideration together. True, rule 1508 says nothing about counts, but rule 1501 provides that the procedures in equity shall conform to those in assumpsit and by reference to rule 1020, it is provided that each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief. Therefore, on this point, we conclude that the pleading is defective

because it combines a direct and derivative cause without separation into distinct counts but is amendable.

On this point, plaintiffs at the argument and in their brief rely on the case of Pittsburgh v. Pittsburgh & Lake Erie Railroad Co., 263 Pa. 294, to support plaintiffs' contention that the direct action to examine the books is an exception to the rule against multifariousness. We do not think the case supports that contention. It simply speaks of multifariousness being improper. It does say that the question of multifariousness is one of convenience and rests largely in the discretion of the court, but it is not speaking of multifariousness in the sense of direct and derivative actions against corporations, which area is specifically covered in the Supreme Court's opinion in Hornsby v. Lohmeyer, supra.

Regarding the second preliminary objection alleging that the complaint is faulty because it does not contain an allegation that complainants were shareholders at the time the actions complained of occurred, certainly so far as the derivative rights are concerned, such an allegation is necessary, and if plaintiffs, or any of them, in point of fact can make such an allegation, it should be made. However, it is to be noted that in the present situation, if plaintiffs, or any of them, lose their derivative right of action because of inability to make and meet this allegation, the same right so far as they are concerned, inures to their benefit as a direct cause of action where no such allegation is required.

It is to be noted, although not raised in the preliminary objections or the pleadings, that in the derivative action only a refusal by the corporate management must appear affirmatively to be a disregard of duty and not an error of judgment, a nonperformance of a manifest official obligation, amounting to a breach of trust. There must be averred and proved an actual

application to the directors, and a refusal by them to bring suit or to allow plaintiffs to do so in the corporation's name, and where misconduct of the directors themselves is alleged, the bill must show an effort to secure plaintiffs' rights through meetings of the corporation: Kelly v. Thomas, 234 Pa. 419, 428. These allegations do not appear in the complaint.

The third preliminary objection is to the effect that plaintiffs have an adequate remedy at law. This would be true as to the right to inspect the books. If it stood by itself it would prevail, but where it is intermingled with other equitable remedies, it will be considered along with them, and we make the following

### Order

And now, to wit, May 25, 1959, it is ordered, adjudged and decreed that defendants' preliminary objections be and they are hereby sustained to the extent set forth in the opinion accompanying this order and plaintiff is given leave to file an amended complaint in conformity therewith within 20 days.