407 So.2d 15 (1981)
Allen BEYER, et al., Plaintiffs-Appellants,
v.
F & R OILFIELD CONTRACTORS, INC., et al., Defendants-Appellees.
No. 8415.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
Rehearing Denied January 4, 1982.
*16 Frederic G. Hayes, Hayes, Fazzio, Durio & Richard, Steven Durio, Lafayette, for plaintiffs-appellants.
Provost, Ernest & Schwing, James W. Schwing, Sr., New Iberia, for defendants-appellees.
Before CULPEPPER, CUTRER and LABORDE, JJ.
LABORDE, Judge.
This is a suit by the minority shareholders of a corporation against the corporation and its directors and officers. Allen Beyer, Laura Beyer, Claven Frederick and Shirley Frederick (plaintiffs) filed suit against F & R Oilfield Contractors, Inc. (F & R), Dalton Fremin, Roy Fremin, and Roland Breaux (defendants), seeking to recover damages sustained through the defendants' fraudulent and ultra vires acts. The defendants filed an exception of no right of action alleging that plaintiffs have no right of action to recover individually for the damages alleged; that recovery must be had through a shareholder's derivative action to bring the allegedly illegal dispersed funds back into the corporation. The trial court sustained the exception and dismissed the suit. From this decision, the plaintiffs have perfected this appeal. We affirm.
The sole issue on appeal is whether or not shareholders of a corporation can directly recover damages from the officers and directors of that corporation for alleged illegal and ultra vires acts.
The plaintiffs are stockholders in F & R Oilfield Contractors, Inc. (F & R) The defendants are officers and directors of F & R. The plaintiffs' petition alleges that they have suffered damages due to the defendants' illegal and ultra vires acts which improperly raised the expenses of the corporation. These complained of acts of defendants are: the defendants paid themselves excessive salaries and bonuses; the defendants have denied plaintiffs access to the corporate books and have improperly maintained the corporate books; the defendants have failed to properly insure corporate property; the defendants have given excessive credit to poor credit risks; the defendants have improperly obtained loans from the corporation, depleting the working capital; the defendants have claimed fictitious loans to the corporation; and the defendants have illegally removed the plaintiffs from the board of directors.
The defendants filed an exception of no right of action. The trial court held that the cause of action asserted by plaintiffs is one belonging solely to the corporation and the proper procedural vehicle is a shareholder's derivative action and not a suit by the individual shareholders in their own behalf. However, the trial court did hold that the plaintiffs have a right of action in their own behalf to gain access to the corporation's books and records.
We agree with the trial court that the right of action asserted by the plaintiffs, i.e., one to bring the illegally dispersed funds back into the corporation, can only be asserted through the corporation by a shareholder's derivative suit. Mahfouz v. Ogden, 380 So.2d 646 (La.App. 1st Cir. 1979); Carey v. Dalgarn Const. Co., 171 La. 246, 130 So. 344 (1930); Orlando v. Nix, 171 La. 176, 129 So. 810 (1930). Such an action for mismanagement or fraud belongs to the corporation, not the stockholders. The right to recover for such losses was explained in Orlando v. Nix, supra:

*17 "As the Reliance Homestead Association is a body corporate its assets belong to it, and no individual stockholder has a property right in them. If the corporation sustains a loss by reason of mismanagement or fraud upon the part of its officials, the right to recover for the loss is an asset of the corporation, and not of the stockholders. It is only in extreme cases that a stockholder is permitted to sue for damage done a corporation, and even then the right does not arise until an ineffectual demand has been made on the corporation to institute the suit, and the suit, when brought, must be brought in behalf of the corporation, which alone is entitled to the amount recovered. Levert v. Shirley Planting Co., 135 La. 929, 66 So. 301; Dawkins v. Mitchell et al., 149 La. 1038, 90 So. 396."
Likewise in the instant case, as an asset of the corporation, such a right to recover loss for mismanagement or fraud may only be asserted secondarily by a shareholder through a shareholder's derivative suit.
The plaintiffs contend that the above cited cases are not controlling because they were decided prior to the 1968 amendment of the corporate code (LSA-R.S. 12:1 et seq.) and that such a right of action against directors is conferred by LSA-R.S. 12:91 which reads:
"Officers and directors shall be deemed to stand in a fiduciary relation to the corporation and its shareholders, and shall discharge the duties of their respective positions in good faith, and with that diligence, care, judgment and skill which ordinarily prudent men would exercise under similar circumstances in like positions. Nothing herein contained shall derogate from any indemnification authorized by R.S. 12:83."
Although this statute extends the officers' and directors' fiduciary relationship to the shareholders, it does not extend a direct right of action by the shareholders against the officers and directors. The comments under LSA-R.S. 12:91 explain that an action to recover from an officer or director for such a breach of a fiduciary duty is secondary and must be asserted through a shareholder's derivative suit:

"Committee Comment1968
The fiduciary relationship has been expressly extended to shareholders. The second sentence of this Section is new. Articles 591-611 of the Code of Civil Procedure contain procedural provisions applicable to shareholders' secondary actions, which are also subject to the provisions of R.S. 13:3201-3207."
Articles 591-611 of the Code of Civil Procedure deal solely with class and secondary actions. Counsel for the plaintiff cites no authority which allows the plaintiffs to recover directly from the officers and directors of a corporation for losses sustained by the corporation due to the officers' and directors' mismanagement or fraud.
We hold that the plaintiffs' sole remedy is through a shareholder's derivative suit.
For the above and foregoing reasons, the decision of the trial court, dismissing without prejudice plaintiffs' suit except the plaintiffs' demands to inspect the books and records of the corporation, is affirmed. All costs are taxed to plaintiffs-appellants.
AFFIRMED.