691 So.2d 1349 (1997)
The LAWLY BROOKE BURNS TRUST
v.
R K R, INC.
No. 96 CA 1231.
Court of Appeal of Louisiana, First Circuit.
March 27, 1997.
*1350 Manuel A. Fernandez, G. Frederick Seemann, New Orleans, for Plaintiff/Appellant Frank M. Burns, Jr.
Craig T. Robichaux, Mandeville, for Defendants/Appellees R K R, Inc., Robenia B. Daniels and Eunice H. Burns.
Before WATKINS, GONZALES and KUHN, JJ.
KUHN, Judge.
This appeal arises from two consolidated suits. One of the suits involves a claim by the representatives of a trust, which owns one-third of the shares of a corporation, for an accounting and damages resulting from alleged breaches of fiduciary duty by an officer of the corporation. In the other suit, the corporate officer, in his capacity as representative of another shareholder trust, seeks to have the corporation liquidated.

I. FACTS AND PROCEDURAL BACKGROUND
During 1980, R K R, Inc. ("R K R") was formed by Frank Burns, Sr., and his wife, Eunice Burns. R K R was established to own and manage various properties and interests for the benefit of trusts formed for each of the Burns' grandchildren. Mr. and Mrs. Burns have three children, Frank M. Burns, Jr. ("Burns, Jr."), Robinea[1] B. Daniels, and Kay H. Hyde, Mrs. Burns' daughter from a prior marriage. Burns, Jr., has one child, Lawly Brooke Burns; Daniels has one child, Molly Daniels; and Hyde has two children, Lynn Hyde and Amy Kaye Hyde. Sixty shares of stock were distributed by R K R when it was formed. The Lawly Brooke Burns Trust owns twenty shares, The Molly Daniels Trust owns twenty shares, The Laura Lynn Hyde Trust owns ten shares, and The Amy Kaye Hyde Trust owns ten shares.

A. The Suit for an Accounting and Damages
On December 6, 1991, Robinea B. Daniels and Eunice H. Burns, in their capacity as cotrustees of the Molly Daniels Irrevocable Inter Vivos Trust (collectively referred to as "the Molly Daniels plaintiffs"), filed suit against R K R and Burns, Jr. In the petition, the Molly Daniels plaintiffs assert: 1) Burns, *1351 Jr., has failed to account for monies received by him on behalf of R K R, and 2) R K R is entitled to an accounting from Burns, Jr., and a judgment in its favor against Burns, Jr., for all sums determined to be due as a result of the accounting.

B. The Suit for Liquidation
On April 7, 1993, Burns, Jr., in his capacity as trustee of The Lawly Brooke Burns Trust, filed suit against R K R, requesting dissolution of the corporation. Although the liquidation suit was initially consolidated with three other suits, it was later severed from those suits and consolidated with the suit for an accounting and damages.[2]

C. Proceedings Below
A hearing on the merits of these consolidated suits was held on June 28, 1995. Regarding the suit for an accounting and damages, the trial court determined that Burns, Jr., as an officer of R K R, violated the fiduciary duties he owed to R K R and its shareholders with respect to a number of transactions. These transactions involved investments of R K R funds, timber and land sales, credit transactions and various cash draws.[3] The court determined the damages resulting from Burns, Jr.'s breaches of fiduciary duty to be $516,893.26 and awarded judgment in favor of Robenia[4] B. Daniels and Eunice H. Burns, as Co-Trustees of The Molly Daniels Irrevocable Inter Vivos Trust, as shareholders of R K R, and against Burns, Jr., in that amount. In the other suit, the trial court found insufficient grounds for ordering an involuntary liquidation, and signed a judgment rejecting The Lawly Brooke Burns Trust's claim for involuntary liquidation of RKR.
Burns, Jr. has appealed, contending he is aggrieved by the judgment rendered in favor of the Molly Daniels plaintiffs.

D. Assignments of Error
On appeal, Burns, Jr., asserts the following assignments of error and/or issues for review by this court:
1. The lower court's issuance of a judgment in favor of the individual stockholders was a violation of Louisiana law permitting derivative action lawsuits. Palowsky v. Premier Bancorp, 597 So.2d 543 (La.App. 1st Cir.1992).
2. Considering the facts that form the record of this proceeding, the defendant Frank Burns did not violate any duty to the corporation as set out in LSA R.S. 12:84 and LSA R.S. 12:91.
3. The claims brought by plaintiffs were personal rather than secondary actions on behalf of the corporation and were, in truth and fact, for the wrongrul [sic] distribution of corporate assets, which said action is preempted by a period of two years. LSA R.S. 12:92.

II. ANALYSIS

A. Prescription/Peremption
La. C.C. art. 3499 provides, "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."
La. R.S. 12:91 provides, in pertinent part:
Officers and directors shall be deemed to stand in a fiduciary relation to the corporation and its shareholders, and shall discharge the duties of their respective positions in good faith, and with that diligence, *1352 care, judgment and skill which ordinarily prudent men would exercise under similar circumstances in like positions.
La. R.S. 12:92 D states:
If any dividend shall be paid in violation of this Chapter, or if any other unlawful distribution, payment or return of assets be made to the shareholders, ... the directors who knowingly, or without the exercise of reasonable care and inquiry, voted in favor thereof shall be liable jointly and severally to the corporation, or to creditors of the corporation, or to both, in an amount equal to the amount of the unlawful distribution. An action to enforce such liability must be brought within two years from the date on which the distribution was made, and this time limit shall not be subject to suspension on any ground, nor to interruption except by timely suit. (Emphasis added.)
Appellant asserts plaintiffs' claims are barred by the two year prescriptive/peremptive period set forth in La. R.S. 12:92 D.[5] We find no merit in this argument.
A cause of action under La. R.S. 12:92 D against the directors of a corporation arising from an unlawful distribution of corporate assets is time barred after two years. However, any other breach of fiduciary duties by the directors, gives rise to a cause of action under La. R.S. 12:91, which is subject to a ten year prescriptive period. See Mary v. Lupin Foundation, 609 So.2d 184, 188-189 (La.1992).[6] Actions based on breaches of fiduciary duties constitute personal actions subject to a liberative prescription period of ten years. La. C.C. art. 3499; Levy v. Billeaud, 443 So.2d 539, 545 (La. 1983)[7]. Spruiell v. Ludwig, 568 So.2d 133, 138 (La.App. 5th Cir.1990), writ denied, 573 So.2d 1117 (La.1991).[8]
The two-year time limitation set forth in Subsection D of La. R.S. 12:92 is only applicable to actions based on the type of conduct described in the first sentence of that subsection. To impose liability pursuant to 12:92 D, there must be: 1) the payment of a "dividend" in violation of the Business Corporation Law Chapter or an "unlawful distribution, payment or return;" 2) of "assets;" 3) to the "shareholders;" 4) resulting from a "vote" in favor thereof by the "directors;" 5) which vote was made "without the exercise of reasonable care and inquiry." See Mary v. Lupin Foundation, 609 So.2d at 189.
In the present case, the record establishes Burns, Jr.'s involvement in the transactions challenged by the Molly Daniels plaintiffs was not in the capacity of director of R K R. According to a February 7, 1992 consent judgment (entered into by Robenia B. Daniels and Burns, Jr., pursuant to a related proceeding), "Robenia B. Daniels, Laura Kay Hyde and Michael B. Hyde are the only directors of R K R, Inc. and they have been the only directors of RKR, Inc. since its incorporation." We also note that the initial report of R K R, dated December 3, 1980, lists its first directors as Michael Hyde, Kay H. Hyde, and Robena Daniels. Subsequent annual reports to the Secretary of State identify Burns, Jr., as Secretary-Treasurer and/or President of R K R, or as C.E.O.
*1353 Additionally, there is no evidence of the requisite "vote" approving the transactions in question. We note the fact that formal corporate action is required for a cause of action to fall within the ambit of § 92 D conforms with the relative short (two-year) time limitation provided in that subsection. Where the action of directors is a matter of corporate record, the two-year time limitation is presumed fair because the corporate records provide sufficient notice to shareholders of the action taken by the directors. However, when the directors act without formal corporate action to deprive the corporation of its assets, the shareholders may be unable to discover a misappropriation within a two-year period. See Mary v. Lupin Foundation, 609 So.2d at 189.
Because the transactions in dispute do not involve an unlawful payment or distribution resulting from a "vote" in favor thereof by the "directors" of R K R, we conclude that the two-year prescriptive period set forth by La. R.S. 92 D is not applicable to this case. Rather, we find the ten-year prescriptive period is applicable to the Molly Daniels plaintiffs' claims that Burns, Jr., has breached the fiduciary duty he owed to the corporation and its shareholders while acting as an officer of the corporation. Appellant does not urge that any of the Molly Daniels plaintiffs' claims are barred pursuant to a ten-year prescriptive period. Accordingly, we find no merit in the exception of prescription.

B. Shareholder's Derivative or Secondary Action
Appellant asserts the trial court erred in issuing a judgment in favor of the Molly Daniels plaintiffs in their personal capacity rather than in favor of the corporation. He asserts that a "shareholder cannot initiate or maintain a personal action against the officers and directors of the corporation directly for an alleged breach of fiduciary duty even though [the shareholder] allege[s] that the actions of officers and/or directors adversely affected the value of their stock."[9] He further contends the plaintiffs did not comply with the requirements for asserting a shareholders' derivative or secondary action set forth in La. C.C.P. art. 596.[10]
Under La. R.S. 12:91, officers and directors of a corporation stand in a fiduciary relation to the corporation's shareholders as well as to the corporation itself. Nevertheless, it is well established that a shareholder of a corporation does not generally have a right to sue personally for alleged losses sustained by the corporation due to mismanagement and/or a breach of fiduciary duties. Palowsky v. Premier Bancorp, Inc., 597 So.2d 543, 545 (La.App. 1st Cir.1992), and cases cited therein. A shareholder may only sue to recover losses to a corporation resulting from mismanagement and breaches of fiduciary duties secondarily through a shareholder's derivative suit. Id. Therein, the shareholder is only a nominal plaintiff and the recovery is for the corporation. Dennis v. Copelin, 94-2002, p. 8 (La.App. 4th Cir. 2/1/96); 669 So.2d 556, 560, writ denied, 96-1012 (La.6/21/96); 675 So.2d 1079.
If the breach of fiduciary duty causes a direct loss to the shareholder or causes damage affecting the shareholder personally, a shareholder may have the right to pursue a claim individually for breach of fiduciary duty to the corporation under La. R.S. 12:91. However, in situations where the alleged loss to the individual shareholder is the same loss that would be suffered by other shareholders (such as a decline in the value of stock), the loss is considered to be indirect. Maestri v. Destrehan Veterinary Hosp., Inc., 94-1030 (La.App. 5th Cir. 3/28/95); 653 So.2d 1241, 1244; writ denied, 95-1534 (La.9/29/95); 660 So.2d 879. Palowsky v. Premier Bancorp, Inc., 597 So.2d at 545. Where the shareholder, but not the corporation, suffers a loss, that loss is considered a direct loss to the shareholder, and the shareholder may have a right to sue individually. Id.
*1354 In the present case, we agree with appellant's assertion that the Molly Daniels plaintiffs do not have the right to sue personally for alleged losses sustained by R K R due to mismanagement and/or a breach of fiduciary duties. The alleged losses involve direct losses to R K R and indirect losses to the shareholder trusts. While the Molly Daniels plaintiffs do not have a legally recognized right to recover for these losses individually, they do have the right to bring a secondary or derivative action on behalf of R K R to enforce R K R's rights against individual defendants.
A shareholder's secondary or derivative suit may be brought either as a class action pursuant to the provisions of La. C.C.P. arts. 591-597[11] or, if it is not impracticable for all shareholders or members of a corporation to be joined in the suit, a secondary action may be brought under La. C.C.P. art. 611. Palowsky v. Premier Bancorp, Inc., 597 So.2d at 546, n. 2.
La. C.C.P. art. 591 establishes as a prerequisite for a class action that the persons constituting the class are "so numerous as to make it impracticable for all of them to join or be joined as parties." Since R K R's stocks are owned by only four shareholders, there would be no merit in the position that this suit should be advanced as a class action. Moreover, plaintiffs have not categorized the present proceeding as a class action and have not moved for certification as such.
The other procedural basis for urging a secondary action is La. C.C.P. art. 611 which provides:
When it is not impracticable for all of the shareholders or members of a corporation or unincorporated association to join or to be joined as parties to a secondary action to enforce a right of the corporation or unincorporated association which it refuses to enforce, all of the shareholders or members who refuse or fail to join as plaintiffs in such an action shall be joined as defendants.
In all other respects, such an action is governed by the provisions of Articles 593 through 596.
Only one of the four shareholder trusts, the Molly Daniels Trust, is a party to the suit for accounting and damages.[12] The record does not establish a refusal by the other shareholders to join in the suit. However, since the other shareholder trusts failed to join the suit, the Molly Daniels plaintiffs would be required to name them as parties in order to comply with La. C.C.P. art. 611.[13]
Since the Molly Daniels plaintiffs failed to comply with the mandatory joinder provisions of La. C.C.P. art. 611, the trial court should not have adjudicated the merits of the suit for accounting and damages. Accordingly, the judgment in favor of Robenia B. Daniels and Eunice H. Burns, as co-trustees of the Molly Daniels Irrevocable Inter Vivos Trust as shareholders of R K R, Inc., and against Frank M. Burns, Jr., in the amount of $516,893.26, is hereby vacated.
La. C.C.P. art. 2164 provides, in pertinent part, "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." Based on this provision, we conclude this matter should be remanded to the trial court to allow the Molly Daniels plaintiffs the opportunity to name the other shareholders of R K R as parties to the secondary action seeking an accounting and damages.
On remand, we instruct the trial court to: 1) allow the Molly Daniels plaintiffs the opportunity to amend their petition to comply with La. C.C.P. art. 611; 2) hold a hearing to allow the introduction of additional evidence if additional parties are named in this suit; and 3) reconsider the merits of this suit based on the evidence previously admitted during the June 28, 1995 hearing, and any additional evidence admitted upon remand.

*1355 C. Transactions in Dispute
Although we do not reach the issues raised by appellant regarding whether he breached his fiduciary duties to R K R and its shareholders, we note appellant specifically challenges the amount of damages awarded by the trial court regarding several transactions. One contention is that the trial court allowed double recovery by the Molly Daniels plaintiffs. The trial court assessed damages of $156,276.00 pertaining to a timber sales transaction, and damages of $183,606.30 pertaining to cash draws from the corporation. Appellant asserts the $183,606.30 sum is comprised of the $156,276.00 amount and an amount of $27,329.53, which the R K R books presently show he owes. Thus, he contends the $156,276.00 amount was assessed against him twice, resulting in a double recovery for the Molly Daniels plaintiffs. We note that if we were to reach the merits of this case, the evidence in the record does not clearly establish whether the assessment of damages regarding these transactions was proper. Accordingly, we direct the trial court to allow the introduction of additional evidence regarding these transactions.

III. CONCLUSION
For the above reasons, the judgment of the trial court in favor of Robenia B. Daniels and Eunice H. Burns as Co-Trustees of the Molly Daniels Irrevocable Inter Vivos Trust as shareholders of R K R, Inc., and against Frank M. Burns, Jr., in the amount of $516,893.26 is vacated. The matter is remanded to the trial court for the purposes of 1) allowing the Molly Daniels plaintiffs the opportunity to amend their petition to comply with La. C.C.P. art. 611; 2) holding a hearing to allow the introduction of additional evidence; and 3) reconsidering the merits of this suit based on the evidence previously admitted during the June 28, 1995 hearing, and any additional evidence admitted upon remand. Assessment of costs is to await final disposition of this matter.
VACATED AND REMANDED.
NOTES
[1] We note the record includes various spellings of this name, including Robinea, Robenia, and Robena.
[2] Another suit bearing the caption of "Frank M. Burns, Jr., Cathy G. Burns, Brooke Burns and FMB Properties, Inc. versus No. 92-10134, Robenia Burns Daniels and Kay Hestret Hyde" was initially consolidated with these cases, but was severed prior to trial.
[3] In reasons for judgment, the trial court found Burns, Jr., breached his fiduciary duties to R K R and its stockholders by:

(a) his failure to obtain corporate approval for the investment of RKR funds in businesses and enterprises, in some of which he held an interest; (b) the investment of funds without interest and without collateral; (c) the writing off of those debts as uncollectible; (d) his drawing funds from RKR for himself and his wife without appropriate showing on the books of RKR as to why they would be entitled to such funds; (e) the favoring of one stockholder over the others in his directing the payments of funds into the Lawly Brooke Burns Trust; and (f) his failure to account for sums received by RKR for sale of land and timber rights.
[4] We note the judgment uses the spelling of "Robenia" rather than "Robinea," the spelling set forth in the petition.
[5] Appellant asserts the trial court has not considered an exception of prescription filed on November 14, 1995. He contends the issue of prescription was timely raised because the exception of prescription was filed prior to submission of the case. La. C.C.P. art. 929. Because the trial court did not expressly rule on appellant's exception of prescription, the record does not establish whether the trial court considered the merits of the exception. Appellee does not contest that the exception was timely filed in the proceedings below. Therefore, we address the merits of the exception.
[6] In Mary v. Lupin Foundation, 609 So.2d 184, the court interpreted La. R.S. 12:226, governing the relation of directors and officers to the corporation and its members and the liability of officers and directors of a nonprofit corporation. We note the language of La. R.S. 12:226 A is very similar to the language of La. R.S. 12:91; likewise, the language of 12:226 D parallels the language of La. R.S. 12:92 D.
[7] In Levy v. Billeaud, the court cited former La. C.C. art. 3544, which provided: "In general, all personal actions, except those before enumerated, are prescribed by ten years."
[8] In Spruiell, the court found the ten year prescriptive period was applicable to claims for breach of fiduciary duty brought pursuant to a shareholder derivative action.
[9] We note that Burns, Jr., did not raise a formal exception of no right of action. However, this court may, on its own motion, notice the right or interest in the plaintiff to institute a suit. La. C.C.P. art. 927.
[10] La. C.C.P. art. 596 sets forth the requirements for maintaining a "petition in a class action brought by a shareholder or member of a corporation... because it [the corporation] refuses to enforce a right which it may enforce...."
[11] La. C.C.P. art. 596 deals specifically with derivative actions.
[12] While the Lawly Brooke Burns Trust is a party in the consolidated suit seeking liquidation of R K R, it is not a party to the suit for accounting and damages.
[13] We also note that the nonjoinder of a party may be noticed by an appellate court of its own motion pursuant to La. C.C.P. arts. 645 and 927.