JOHNSON, J.
Plaintiffs appeal the trial court's judgment sustaining Defendants' exceptions of no right of action, no cause of action, prematurity and improper cumulation of parties and dismissing their suit without prejudice. For the following reasons, we affirm in part, reverse in part, and amend in part.
FACTS & PROCEDURAL HISTORY
Plaintiffs, Helen Lopez Languirand and L. Lopez's Sons, Inc. (the "corporation"), filed a petition on December 15, 2017 against Defendants, John Magruder Lopez ("John"), Shawn Lopez ("Shawn"), and John Michael Lopez ("John Michael"), seeking to have the January 2017 election of the directors and officers for the corporation declared null and void and to have the April 2017 sale and transfer of treasury shares declared null and void.
In her petition, Ms. Languirand alleged that she is a shareholder of the corporation. She asserted that Defendants held an annual meeting of shareholders without issuing proper notice, resulting in a meeting attended only by the three defendants. Ms. Languirand stated that neither she nor shareholder Carroll Campbell attended the *1057 meeting.[1] She alleged that at this meeting, which lacked a quorum, Defendants proceeded without authority to elect themselves as the new directors and officers of the corporation. Thereafter, in April 2017, John, as newly elected president, and Shawn, as newly elected treasurer and secretary, passed a resolution selling a total of 200 treasury shares to Shawn and John Michael. Ms. Languirand averred Defendants failed to offer those treasury shares to her or the other shareholders in violation of law - namely their preemptive rights under La. R.S. 12:1-630.
Ms. Languirand contended Defendants' acts of electing directors and officers and selling treasury shares constituted ultra vires acts. She asserted that Defendants, as officers and/or shareholders of the corporation, breached their fiduciary duties to the corporation and its shareholders. Accordingly, she sought to have the January 2017 election of directors and officers and the April 2017 sale of treasury shares declared null and void.
Defendants responded to the petition by filing four exceptions: no right of action, no cause of action, improper joinder of parties,[2] and prematurity. They first argued that Ms. Languirand had no right of action to bring an individual claim on behalf of the corporation for breach of fiduciary duties because she did not allege any individual damage as a result of the alleged actions of Defendants. As such, they maintained that any action belongs to the corporation and must be brought as a derivative proceeding. Second, Defendants asserted that the petition failed to state a cause of action because it failed to comply with the requirements for a derivative action set forth in La. R.S. 12:1-742.1. Third, Defendants asserted the petition improperly joined the corporation as a plaintiff because the corporation must be named as a defendant in any derivative proceeding. Finally, Defendants argued the petition was premature because it failed to comply with the statutory requirements that a written demand must be made upon the corporation to take suitable action and that 90 days must pass from the date of demand prior to the commencement of a derivative proceeding.
A hearing on the exceptions was held on March 14, 2018. During the hearing, no evidence was presented but rather the entire hearing consisted only of the argument of counsel. At the conclusion of the hearing, the trial court sustained all four exceptions. A written judgment to that effect was signed on March 22, 2018, and the trial court issued reasons for judgment on April 17, 2018, at the request of Ms. Languirand.
In its reasons for judgment, the trial court concluded that Ms. Languirand's lawsuit was for a breach of fiduciary duty that resulted in deflation of the value of corporate shares. The trial court reasoned that a shareholder does not have a right to personally sue for a breach of fiduciary duty that does not result in a direct loss to the shareholder. Citing Lawly Brooke Burns Trust v. RKR, Inc. , 96-1231 (La. App. 1 Cir. 3/27/97), 691 So.2d 1349, the court explained that the decline in the value of stock, which is suffered by all shareholders, has been determined to be an indirect loss from which no individual *1058 direct action is permitted. Thus, the trial court concluded that Ms. Languirand may only sue to recover said loss through a derivative suit. Based on this conclusion, the trial court further granted the exception of no cause of action and prematurity, finding Ms. Languirand had not complied with the statutory requirements to sustain a derivative action. Additionally, the trial court granted the exception of improper joinder of parties on the basis that the corporation must be a defendant in any derivative action.
ISSUE
In her appeal, Ms. Languirand argues that the trial court erred in finding that she had no right of action to file an individual direct action suit against the corporation's directors and other shareholders to enforce her preemptive rights and to void the sale of shares that were made in violation of her preemptive rights. She contends the trial court erred in concluding that her claims must be brought by a derivative action.
DISCUSSION
An action can only be brought by a person having a real and actual interest in which she asserts. La. C.C.P. art. 681. The exception of no right of action tests whether the plaintiff has a real and actual interest in the action. See La. C.C.P. art. 927(A)(6). The purpose of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants a cause of action asserted in the petition. Badeaux v. Southwest Computer Bureau, Inc. , 05-612 (La. 3/17/06), 929 So.2d 1211, 1217. The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Howard v. Administrators of the Tulane Educ. Fund , 07-2224 (La. 7/1/08), 986 So.2d 47, 60.
The party raising a peremptory exception bears the burden of proof. On the trial of a peremptory exception of no right of action, evidence is admissible to support or controvert the objection pleaded when the grounds do not appear from the petition. La. C.C.P. art. 931. In this case, neither party presented any evidence at the hearing on the exception; thus, this Court must decide, based on the allegations alone, whether Ms. Languirand belongs to the class of persons to whom the law grants the cause of action asserted.
"The determination of whether a plaintiff has a legal right to bring an action raises a question of law, which requires a de novo review." Rebel Distributors Corp., Inc. v. LUBA Workers' Compensation , 13-749 (La. 10/15/13), 144 So.3d 825, 833. Any doubt regarding the appropriateness of an exception of no right of action is to be resolved in favor of the plaintiff. Id.
The petition alleges that Defendants, who are directors, officers, and/or shareholders in the corporation, breached their fiduciary duties to the corporation and other shareholders, including Ms. Languirand, in two ways: (1) by improperly electing themselves as directors/officers; and (2) by issuing treasury shares in violation of her and other shareholders' preemptive rights.
Officers and directors of a corporation stand in a fiduciary relationship to both the corporation itself and the corporation's shareholders.[3] It is well-established that a shareholder of a corporation does *1059 not have a right to sue personally for alleged losses sustained by the corporation due to mismanagement and/or a breach of fiduciary duty. Rather, a shareholder may only sue to recover losses to a corporation resulting from mismanagement and/or a breach of a fiduciary duty secondarily through a shareholder's derivative suit.[4] Eckert v. Roux , 09-1016 (La. App. 5 Cir. 3/23/10), 39 So.3d 636, 640. However, if the breach of fiduciary duty causes a direct loss to the shareholder, with no loss to the corporation, the shareholder may have the right to pursue an individual claim in a direct action to recover his loss. Palowsky v. Premier Bancorp, Inc. , 597 So.2d 543, 545 (La. App. 2d Cir. 1992). Where the alleged loss to the individual shareholder is the same loss that would be suffered by all other shareholders (such as a decline in the value of stock), the loss is considered to be indirect and the individual shareholder does not have the right to sue individually. Lawly , 691 So.2d at 1353 ; Palowsky , supra .
A review of the jurisprudence shows that distinguishing between derivative and direct claims can be difficult. While such classification can be challenging, "the basic contours of the classification scheme are fairly well established" -
Suits brought by shareholders to recover for damage or loss to corporation-owned *1060 property or interests or to recover for losses caused to the corporation as a result of the self-dealing or negligence of a corporate officer or director are considered to be derivative in nature. But suits brought to vindicate some right held by a shareholder personally, such as a right to vote or to protect against dilution of voting or financial rights, to inspect books or records, to receive a dividend, or to recover for fraud in connection with the purchase or sale of his stock, are considered direct suits. [Internal citations omitted.]
Glenn G. Morris & Wendell H. Holmes, Business Organizations, § 34.03, at 162, in 8 Louisiana Civil Law Treatise (1999).
Some examples of actions that have been classified by Louisiana courts as derivative include the following. In Beyer v. F&R Oilfield Contractors, Inc. , 407 So.2d 15 (La. App. 3d 1981), writ denied , 411 So.2d 451 (La. 1982), minority shareholders of a corporation sought individual damages from the directors and officers for fraudulent and ultra vires acts, including excessive payment of salaries and bonuses; denial of access to the corporate books; improper obtainment of corporate loans; and the illegal removal of directors. The court determined that the alleged acts of mismanagement or fraud belonged to the corporation and not to the individual shareholders.
Additionally, in Landry v. Thibaut , 523 So.2d 1370, 1376-77 (La. App. 5th Cir. 1988), writs denied , 526 So.2d 809 (La. 1988), some shareholders filed suit against the officers and directors for losses incurred from their ownership of stock - specifically, they alleged that they purchased their stock in 1974 at a higher price than other shareholders who purchased shares in 1976 at a lower price than the plaintiffs. The officers and directors argued that the plaintiffs' allegations were simply related to the diminution in value of their stock due to imprudent loans.
This Court concluded that the damage was done to the corporation and only indirectly to the shareholders; thus, it should have been brought as a derivative suit. This Court explained that the mismanagement did not personally or directly affect the plaintiffs - those shareholders who purchased their stock in 1974 - but rather all shareholders, except those who purchased in 1976, who experienced a drop in value of their holdings. This Court specifically noted that the plaintiffs were not singled out for unfair treatment in stock transfers or redemptions. Id. at 1377.
In Eckert v. Roux , supra , the corporation had two shareholders, one who owned 49 shares of stock and the other who owned 51 shares. The minority shareholder filed an individual action against the majority shareholder for mismanagement of the corporate assets, alleging that he had diverted fees collected for the corporation to other personal and third party accounts and, thus, had breached his fiduciary duty to the corporation through self-dealings. The minority shareholder further alleged he suffered direct loss as a result of the defendant's mismanagement and self-dealings. This Court concluded that the plaintiff had no individual claim for mismanagement and breach of fiduciary duty based on the alleged acts, but rather the proper procedure was a derivative action. Id. at 640-41.
Conversely, the following actions have been classified by Louisiana courts as direct. In Wilson v. H.J. Wilson Co., Inc. , 430 So.2d 1227 (La. App. 1st Cir. 1983), writ denied , 437 So.2d 1166 (La. 1983), a shareholder's claim for a breach of fiduciary duty based on an allegedly fraudulent transfer of some of his shares to the corporation's principal stockholder was found to be a loss personal to him and not *1061 suffered by the corporation. Thus, the shareholder had a right of action to sue individually for the recovery of his shares or their value.
Also, in Succession of Davis , 463 So.2d 723 (La. App. 4th Cir. 1985), the shareholder's suit was found to be direct where he sued the succession of a corporate president, alleging fraud and misrepresentation in connection with a stock redemption agreement. And, in Noe v. Roussel , 310 So.2d 806 (La. 1975), the Louisiana Supreme Court recognized the right of a shareholder to sue individually for breach of fiduciary duty in connection with the liquidation of the corporation - namely an action to rescind a sale of immovable property by an officer and director of the corporation who was the sole liquidator. The shareholder alleged that his stock was fraudulently manipulated by the officer/director and that he was deprived of his rightful share of the corporation's liquidated assets.
In the present case, Ms. Languirand argues that she has an individual direct action to enforce her preemptive rights because such rights are personal and do not belong to the corporation. She maintains that she is not alleging injury or loss to the corporation but rather individual harm - namely, the dilution of her ownership interest and voting rights in the corporation because of the improper sale of additional shares in violation of her preemptive rights. As such, she claims an action to enforce a shareholder's preemptive rights is personal and direct - not derivative.
A preemptive right is defined in Black's Law Dictionary, Sixth Edition, as "[t]he privilege of a stockholder to maintain a proportionate share of ownership by purchasing a proportionate share of any new stock issue." Under La. R.S. 12:1-630(A), the shareholders of a corporation do not have a preemptive right except as provided by the articles of incorporation. However, if the corporation was incorporated prior to January 1, 1969, the articles of incorporation are deemed to contain a provision electing to have preemptive rights unless the articles of incorporation contain a specific provision to the contrary. The violation of a shareholder's preemptive right - when shares are issued to persons other than the existing shareholders in proportion to their present percentage ownership - results in the dilution of that shareholder's voting power and ownership interest in the corporation. Glenn G. Morris & Wendell H. Holmes, Business Organizations, § 28.03, at 672, in 8 Louisiana Civil Law Treatise (1999).
We are unaware of any Louisiana case addressing the classification of the enforcement of a shareholder's preemptive rights as direct or derivative. Thus, we turn to jurisprudence in other jurisdictions, which overwhelmingly finds such actions to be direct.
In discussing the enforcement of shareholders' preemptive rights, the court in Saigh v. Busch , 403 S.W.2d 559, 565 (Mo. 1996), noted the prevailing rule:
Where the pre-emptive [sic] rights of shareholders have been violated, the wrong is to the shareholders and not to the corporation. Accordingly, an action brought for the violation of such right must be in the right of the shareholder and may not be maintained on behalf of the corporation. Moreover, if the shareholders who have been deprived of their rights do not complain, it does not lie within the power of the corporation to rescind the sale of shares sold in violation of pre-emptive [sic] rights, especially where the sale has been for value.
Citing numerous cases from various jurisdictions, the court held that the plaintiffs'
*1062 claim to preemptive rights is a direct action and not a derivative action. It further noted that while a shareholder has a direct action against the corporation to recover the value of his preemptive right, if such a remedy at law would be inadequate to protect the shareholder's interest in the corporation, the shareholder may have equitable relief to protect those interests. Id. , citing Barsan v. Pioneer Savings & Loan Co. , 163 Ohio St. 424, 127 N.E.2d 614, 621 (1955). The Saigh court reiterated that the corporation is not damaged by the violation of a shareholder's preemptive rights and has no legal right with respect to their enforcement.
Also, in Zuker v. Rodriguez , 12-1408 (PAD), 2017 WL 2345683 at *8, n.10 (D.P.R. 5/30/17), the court specifically stated that an action "to protect preemptive rights, [or] to prevent the improper dilution of voting rights" is recognized as a direct action. And, in explaining the right of a shareholder "to enjoin or cancel the issuance of shares in violation of his preemptive rights or to recover damages therefore" as a direct and personal action of the shareholder, the court in Wolf v. Young Supply Co., 19 Pa. D. & C.2d 404, 407 (C.P. 1959), explained such a claim as a breach of the shareholder's contract with the corporation.
Further, in Efessiou v. Efessiou , 41 Va. Cir. 142, 149 (Va. Cir. Ct. 1996), the court held that a claim "to set aside the actions of an illegally structured Board of Directors meeting and for the award of monetary damages resulting from the illegal election of Directors, the illegal action by Directors, and the illegal issuance of stock" was derivative. At the same time, the court held that a personal and direct action arose from the violation of a particular shareholder's preemptive rights.
We find the instant case presents a similar situation to Efessiou - Ms. Languirand alleges the election of directors and officers was illegal, which is a derivative action belonging to the corporation, and also alleges her preemptive rights were violated, which is a direct action.
Based on the above discussion, we find Ms. Languirand has no legally recognized right to personally enforce the rights of the corporation related to the alleged breach of fiduciary duty of Defendants relating to the election of new officers and directors. This right belongs to the corporation and must be asserted through a derivative suit. See Beyer , supra at 17 ; Bordelon v. Cochrane , 533 So.2d 82, 86 (La. App. 3d Cir. 1988), writ denied , 536 So.2d 1255 (La. 1989). Therefore, we find the trial court properly sustained Defendants' exception of no right of action for this claim.
However, we find Ms. Languirand has a right of action to personally and directly enforce her preemptive rights. Such a claim does not belong to the corporation and cannot be asserted through a derivative suit on behalf of the corporation. Accordingly, we find the trial court erred in sustaining Defendants' exception of no right of action as to Ms. Languirand's claim for the violation of her preemptive rights.
Defendants argue that Ms. Languirand has not asserted a cause of action for the violation of her preemptive rights because she does not seek to enforce those rights - specifically, she has not made a request to purchase her proportionate share but rather has only alleged that the sale of the treasury shares caused a decline in stock value, which Defendants again contend can only be asserted through a derivative suit.
Contrary to Defendants' claim, the petition does not allege that the sale of treasury shares caused a decline in stock *1063 value. Rather, the petition states that the treasury shares were not offered to Ms. Languirand or any other shareholder in violation of law, or their preemptive rights. As noted above, the violation of preemptive rights results in the dilution of that shareholder's voting power and ownership interest in the corporation and a direct action by the shareholder against the offending officers and/or directors exists for the resulting damage. To the extent Ms. Languirand failed to allege a direct loss as a result of the alleged violation of her preemptive rights, she fails to state a cause of action.[5]
A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him relief. Kelley v. Dyson , 08-1202 (La. App. 5 Cir. 3/24/09), 10 So.3d 283, 286. To the extent that Ms. Languirand might amend her petition to remove the grounds for the objection, she should be given an opportunity to amend her petition. See La. C.C.P. art. 934 ; Clulee v. St. Pierre , 13-881 (La. App. 5 Cir. 5/14/14), 142 So.3d 83, 87.
DECREE
Based on the foregoing, we affirm that portion of the trial court's judgment sustaining Defendants' exception of no right of action regarding Ms. Languirand's claim for a breach of fiduciary duty regarding the January 2017 election of directors and officers on the basis that such a right belongs to the corporation and must be brought through a derivative or secondary action. However, to the extent the trial court's judgment sustains a no right of action relating to Ms. Languirand's claim for the violation of her preemptive rights, that portion of the judgment is reversed.
Additionally, we affirm that portion of the trial court's judgment sustaining Defendants' exceptions of no cause of action and prematurity as it relates to Ms. Languirand's claim for breach of fiduciary duty regarding the election of directors and officers. However, insofar as the trial court's judgment sustaining the exception of prematurity relates to Ms. Languirand's direct action claim for violation of her preemptive rights, that portion is reversed.
We further affirm the trial court's judgment sustaining the exception of no cause of action as it relates to Ms. Languirand's claim for violation of her preemptive rights. However, we reverse that portion of the judgment dismissing the claim and amend the judgment to allow Ms. Languirand 30 days from the date of this opinion to amend her petition to state a cause of action, e.g. to allege a direct loss, for violation of her preemptive rights as discussed above, if she can.
And, we affirm the trial court's judgment sustaining the exception of improper joinder of parties. As discussed above, the corporation must be a named defendant in a derivative suit and the right to enforce a preemptive right does not belong to the corporation - thus, the corporation cannot be a plaintiff in either of Ms. Languirand's claims. Costs of this appeal are assessed equally between the parties.
AFFIRMED IN PART; REVERSED IN PART; AND AMENDED IN PART

Ms. Languirand further alleged that she owned 250 of the 1,000 shares in the corporation and that Ms. Campbell owned 312.5 of the 1,000 shares. Ms. Campbell is not a named plaintiff in this suit, but rather is simply named in the petition as a "stockholder."

Although Defendants stated in their exceptions that they excepted to Plaintiffs' petition on the grounds of "improper joinder of parties and/or cumulation of action," they only advanced an argument relating to the improper joinder of parties.

Effective January 1, 2015, the Business Corporation Law, consisting of La. R.S. 12:1 to 12:178, was repealed and the Business Corporation Act, consisting of La. R.S. 12:1-101 to 12:1-1704 was enacted.
Prior to its repeal, La. R.S. 12:91(A) provided in part:
Officers and directors shall be deemed to stand in a fiduciary relation to the corporation and its shareholders, and shall discharge the duties of their respective positions in good faith, and with that diligence, care, judgment, and skill which ordinary prudent men would exercise under similar circumstances in like positions....
By Acts 2014, No. 328, La. R.S. 12:91 was replaced in part by La. R.S. 12:1-830, which provides in pertinent part: "Each member of the board of directors, when discharging the duties of a director, shall act in good faith and in a manner the director reasonably believes to be in the best interests of the corporation." Additionally, La. R.S. 12:1-842(A) sets forth the standard of conduct required of officers of a corporation and states that an officer has the duty to act "(1) In good faith. (2) With the care that a person in a like position would reasonably exercise under similar circumstances. (3) In a manner the officer reasonably believes to be in the best interest of the corporation."
While the Business Corporation Act does not expressly state that officers and directors stand in a fiduciary relation to the corporation and its shareholders, it did not change the law regarding the general premise that officers and directors owe a fiduciary duty to both the corporation and its shareholders. This is made clear in the liability provisions of the Business Corporation Act that discuss the liability of officers and directors to both the corporation and its shareholders. See La. R.S. 12:1-831(A), 1-832(A), 1-842(D). See also , Richard P. Wolfe, Article: The Fiduciary Duty of Directors and Officers Under the Louisiana Business Corporation Act of 2014 , 60 Loy.L.Rev. 523 (2014).

A derivative action is "a suit asserted by a shareholder on the corporation's behalf against a third party (usually a corporate officer) because of the corporation's failure to take some action against the third party." Darr v. Marine Electronics Solutions, Inc. , 11-908 (La. App. 5 Cir. 5/22/12), 96 So.3d 527, 536, writ denied , 12-1442 (La. 10/8/12), 98 So.3d 860, quoting Black's Law Dictionary (9th ed. 2009). In a derivative action, the individual shareholder must bring suit on behalf of the corporation to enforce the corporation's rights against the individual defendants. As such, the shareholder bringing the suit is only a nominal plaintiff, and the real party plaintiff is the corporation because the shareholder claims to be suing on behalf of the corporation. Robinson v. Snell's Limbs & Braces of New Orleans, Inc. , 538 So.2d 1045, 1048 (La. App. 4th Cir. 1989). Further, La. C.C.P. art. 615 and La. R.S. 12:1-742.1 require that the derivative shareholder name both the corporation and the directors/members - allegedly involved in the breach of fiduciary duty - as defendants. Therefore, the corporation is both a passive plaintiff and a named defendant in a derivative action. Robinson , supra .

The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Industrial Companies, Inc. v. Durbin, 02-665 (La. 1/28/03), 837 So.2d 1207, 1213. No evidence may be introduced to support or controvert the exception of no cause of action, and for the purpose of considering an exception of no cause of action, all facts pled in the petition must be accepted as true. Id . ; La. C.C.P. art. 931.