ELLIS, Judge.
This is a suit for the wrongful death of John Kenneth Ricks. Plaintiffs are Mildred Lemoine, wife of and Albin J. Ricks, Sr., parents of the decedent; and Virginia M. Burgess, former wife of the decedent, and mother of Sharon Lynn Ricks, his minor daughter, on behalf of the said daughter. Defendants are Richard Roberson, who is alleged to be the killer of the decedent; and *962 Donald Madden, owner of the bar in which John Kenneth Ricks was allegedly killed.
Defendant Roberson filed two exceptions: a peremptory exception of no right or cause of action directed at Mr. and Mrs. Ricks, Sr.; and a dilatory exception of lack of procedural capacity, directed at Mrs. Burgess.
After a hearing, judgment was rendered sustaining the peremptory exceptions and dismissing the suit by Mr. and Mrs. Ricks, Sr. against Mr. Roberson. The judgment further sustained the exception of lack of procedural capacity, but granted Mrs. Burgess until January 12, 1977, to qualify as tutrix for her minor child. Subsequently, Mrs. Burgess was granted an extension until February 14, 1977.
Thereafter, all three plaintiffs took a de-volutive appeal from the said judgment.
With respect to the appeal by Mrs. Burgess, we note that the judgment is interlocutory with respect to her, and therefore not appealable. No judgment dismissing her suit for noncompliance with the order of the judgment appealed from appears in the record, nor has irreparable injury been shown. Articles 1841, 2083, 933, Code of Civil Procedure. The appeal, with respect to Mrs. Burgess, is therefore dismissed.
With respect to the appeal by Mr. and Mrs. Ricks, Sr., we note, that Article 2315 of the Civil Code provides as follows:
“Art. 2315. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
“The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
“The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the surviv- or or not.
“As used in this article, the words ‘child’, ‘brother’, ‘sister’, ‘father’, and ‘mother’ include a child, brother, sister, father, and mother, by adoption, respectively.”
It is clear that the surviving parents have an action for general and special damages arising out of the wrongful death of their child only if the decedent left no wife or child surviving him. John Kenneth Ricks left a daughter, Sharon Lynn Ricks. Therefore, the peremptory exception of no cause of action was properly sustained as to Mr. and Mrs. Ricks, Sr. See Johnson v. Travelers Indemnity Co., 286 So.2d 484 (La. App. 1st Cir. 1973).
The judgment appealed from is therefore affirmed, insofar as it affects plaintiffs Mildred Lemoine, wife of and Albert J. Ricks, Sr., at their cost. The appeal of Mrs. Burgess is dismissed, at her cost.
Affirmed in part, appeal dismissed in part.