LeBLANC, Judge.
This appeal challenges the trial court’s ruling that the plaintiff, a shareholder owning only .0007% of the outstanding shares of a corporation, is not entitled to inspect the corporations' shareholder list. We affirm.
The record reveals that in late March of 1989, shareholders of Premier Bancorp, Inc. (Premier) were notified that an annual meeting of the shareholders would be held on April 19, 1989, at which time the shareholders would elect numerous directors. On March 31, 1989, Stanley Palowsky, Jr., one of Premier’s shareholders, demanded that Premier furnish him with its shareholder list containing the names and ad *671 dresses of its shareholders so that he could mail his own proxy request to them. Premier refused and on the eve of the scheduled shareholders’ meeting, Palowsky brought this lawsuit, asserting that Premier’s refusal to provide him with the list constituted a violation of the Louisiana Business Corporation Law. Palowsky sought a judgment declaring that any votes cast at the April 19, 1989, meeting were null and void and an order requiring Premier to furnish him with the shareholder list prior to conducting any further shareholder meetings.
Premier filed exceptions of no cause of action and no right of action. Thereafter, Palowsky filed an amending petition in which he claimed that he desired the shareholder list to cumulate 25% of the voting power of the shareholders so that a special meeting could be called for the purpose of ousting Premier’s directors from office, and for other “purposes as are consistent with the spirit, purpose and provisions” of the business corporation law.[1] Premier reurged its exceptions of no cause of action and no right of action with respect to the supplemental petition. Premier asserted that because Palowsky is not an owner of at least 5% of Premier’s shares, he does not have a right of action or a cause of action to inspect the shareholder list. Palowsky admittedly owns 174 shares, or .0007% of Premier’s outstanding common shares.
The trial court initially overruled the exceptions; however, it granted Premier’s motion for a new trial and sustained the exceptions of no cause of action and no right of action, dismissing this suit. The court found that the Louisiana Business Corporation Law evidences an intent on the part of the legislature to limit a shareholder’s access to the records of a corporation. La.R.S. 12:103(D)(l)(a) grants to a shareholder, who is not a business competitor and who has been the holder of record of at least five percent of the outstanding shares of a corporation for at least six months, the right to examine “any and all of the records and accounts of the corporation and to make extracts therefrom” at any reasonable time and for any reasonable purpose. La.R.S. 12:73(E) gives to any shareholder the right to demand a list of the shareholders entitled to vote at a meeting of the shareholders. The court found no other provision of the law which would give it authority to order Premier to furnish Palowsky with the shareholder list and sustained the exceptions, ruling that because Palowsky owned only .0007% of Premier’s shares, he has no legal right to inspect Premier’s shareholder list.
Palowsky took this appeal, contending principally that the trial court erred in interpreting the reference to “records and accounts of the corporation” in La.R.S. 12:103(D)(l)(a) to encompass shareholder lists. We find no merit to this argument. La.R.S. 12:103, entitled “Corporate records; right of shareholder to inspect,” requires a corporation to keep the following records: (1) financial records, including books and accounts showing its assets, liabilities, receipts, disbursements, gains and losses; (2) records of proceedings carried on by its shareholders, directors or committees; and (3) a share register or stock certificate record containing the names and addresses of its shareholders. Clearly, a shareholder list is a “record” falling under R.S. 12:103(D)(l)(a)’s inspection limitation allowing only a shareholder with a 5% ownership interest for at least six months to examine that record at any reasonable time and for any reasonable purpose.
After thoroughly reviewing the record and the applicable law, we agree with the trial court’s determination that under the facts of this case, Palowsky is not entitled under the Business Corporation Law to inspect Premier’s shareholder list. We adopt the trial court’s reasons for judgment, attaching a copy hereto.
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff, Stanley Palowsky, Jr.
AFFIRMED.
*672 WRITTEN REASONS FOR JUDGMENT
This matter was before the Court on Exceptions of No Cause of Action and No Right of Action filed on behalf of Premier Bancorp, Inc. For the following reasons, the exceptions are maintained.
The issue before the Court is the right of the shareholder in a Louisiana Corporation to inspect the corporation’s books and records as set forth in LA R.S. 12:103(D) which provides in pertinent part:
Upon at least five (5) days written notice any shareholder, except a business competitor, who is and has been the holder of record of at least five (5) percent of the outstanding shares of any class of a corporation for at least six (6) months shall have the right to examine, in person or by agent or attorney, at any reasonable time, for any proper and reasonable purpose, any and all of the records and accounts of the corporation and to make extracts therefrom.
Under this statute, Mr. Palowsky is not entitled to have access to Premier’s books and records, which includes records of shareholders under LA R.S. 12:103(D) because he is the holder of only .0007% of the outstanding common stock of Premier. By adopting section 103(D) in its present form, the intent of the legislature to limit access to such information to only those shareholders who had a least 5% of the outstanding shares for at least six (6) months is clear. There is no provision in the Louisiana Business Corporation Laws giving this Court discretion to permit inspection of corporate books and records, including shareholders records, by shareholders who do not own, individually or collectively, the requisite percentage of shares.
The legislative intent to limit access to such records is further indicated by the adoption of LA R.S. 12:73(E) which does provide for access to such records at the request of any shareholder regardless of the percentage of stock held by that shareholder, but only at a shareholders meeting.
Mr. Palowsky, as a matter of law, failed to state any cause or right of action against Premier. Under LA R.S. 12:103(D), he is entitled to examine the records and accounts of Premier only if he is the holder of at least 5% of the outstanding stocks for at least six (6) months. As Mr. Palowsky only owns approximately .0007% of Premier’s stock, he does not have the right to review Premier’s shareholders list or any other corporate record.
Judgment signed this 16 day of May, 1990. Baton Rouge, Louisiana.
(s)Douglas M. Gonzales
Judge Douglas M. Gonzales
19th Judicial District Court

. In a second amending petition, Palowsky sought to have the court order Premier to furnish him with the addresses of its directors. Premier has complied with this request.