597 So.2d 543 (1992)
Stanley PALOWSKY and Carol Hargus Palowsky, Individually and on Behalf of all Stockholders of Premier Bancorp, Inc.
v.
PREMIER BANCORP, INC., Charles W. McCoy, G. Lee Griffin, Donald R. Updegraff, Bert Turner, Melvin Rambin, J.R. Querbes, III, Benjamin M. Peters, C.R. Patterson, Jr., Eugene H. Owen, James B. Nowery, Gordon M. Millet, Frank W. Middleton, Jr., Marvin Marmande, F. Walker Lockett, Jr., Neilson S. Jacobs, Frank W. Harrison, Jr., Floyd J. Gaudet, L.J. Folse, J. Hubert Dumesnil, John H. DeJean, V. Gerald Dean, Arthur J. Broussard, James G. Boyer, Jerry D. Boughton, John C. Blackman, IV and F. Murray Biedenharn.
No. CA 91 0059.
Court of Appeal of Louisiana, First Circuit.
March 6, 1992.
*544 J. Michael Hart, Monroe, for plaintiff-appellant Stanley R. Palowky, Jr., et al.
Herschel Abbott, Jr., New Orleans, for defendant-appellee Premier Bancorp, Inc.
Before COVINGTON, C.J., and LeBLANC and WHIPPLE, JJ.
LeBLANC, Judge.
This appeal is taken from a judgment maintaining exceptions of no right of action and lack of procedural capacity filed by the defendants in a shareholder's derivative suit.
This shareholder's derivative suit was filed by plaintiffs, Stanley and Carol H. Palowsky, on behalf of themselves and all stockholders of Premier Bancorp, Inc. (Premier); named as defendants were numerous officers and members of the board of directors of Premier, as well as Premier itself. The basis of the suit is allegations by plaintiffs that the officers and directors of Premier breached fiduciary duties they owed to Premier and its stockholders. In addition to an award of monetary damages and other relief sought in the suit, plaintiffs requested that they be furnished a list of current stockholders and their addresses. Contending that the Palowskys had adverse interests precluding them from adequately representing the shareholders of Premier, defendants filed a peremptory exception of no right of action and a dilatory exception of lack of procedural capacity regarding the Palowskys' derivative claim for breach of fiduciary duties. Defendants also urged the same exceptions with respect to plaintiffs' request for a list of Premier's shareholders. At the conclusion of a hearing on May 11, 1990, the trial court maintained defendants' exceptions, but did not dismiss the Palowskys' suit, allowing plaintiffs thirty days to amend their suit. Mr. Palowsky thereafter filed an amended petition in which he asserted a claim in his individual capacity for the alleged "losses on stockholding interests resulting from the actions of management as complained of in the original complaint." In response, defendants filed a second peremptory exception of no right of action as to Mr. Palowsky's individual claim. The trial court maintained this exception, and dismissed the Palowskys' suit by judgment signed on August 21, 1990. The Palowskys have appealed this judgment.

ISSUES
1. Did plaintiffs have a right to assert a claim in their individual capacity *545 against the officers and directors of Premier for alleged mismanagement and/or breaches of fiduciary duties by those officers and directors?
2. Did the trial court err in maintaining defendants' exceptions of no right of action and lack of procedural capacity with respect to plaintiffs' shareholders' derivative claim on the basis that plaintiffs had interests adverse to that of the other shareholders of Premier, precluding them from being adequate representatives?

ISSUE ONE
Under La.R.S. 12:91, officers and directors of a corporation stand in a fiduciary relation to the corporation's shareholders, as well as to the corporation itself. Nevertheless, it is well-established that a shareholder of a corporation does not generally have a right to sue personally for alleged losses sustained by the corporation due to mismanagement and/or a breach of fiduciary duties. Robinson v. Snell's Limbs and Braces, 538 So.2d 1045, 1048 (La.App. 4th Cir.1989); Bordelon v. Cochrane, 533 So.2d 82, 85-86 (La.App. 3rd Cir.1988), writ denied, 536 So.2d 1255 (1989); Hinchman v. Oubre, 445 So.2d 1313, 1317 (La.App. 5th Cir.1984); Moity v. Acadian Woodworks, Inc., 435 So.2d 597, 599 (La.App. 3rd Cir.1983); Beyer v. F & R Oilfield Contractors, Inc., 407 So.2d 15 (La.App. 3rd Cir.1981), writ denied, 411 So.2d 451 (1982). Rather, a shareholder may only sue to recover losses to a corporation resulting from mismanagement and breaches of fiduciary duties secondarily through a shareholder's derivative suit. Id.
Plaintiffs rely on Wilson v. H.J. Wilson Co., Inc., 430 So.2d 1227 (La.App. 1st Cir.), writ denied, 437 So.2d 1166 (1983), in support of their contention that they have an individual right of action against defendants. Plaintiffs' reliance upon Wilson is misplaced since that case is clearly distinguishable on its facts from the present one. In Wilson the plaintiff's claim of breach of fiduciary duty was based upon an allegedly fraudulent transfer to the corporation's principal stockholder of certain shares belonging to plaintiff; in his suit the plaintiff sought recovery of these shares of stock, or the value thereof. In holding that the plaintiff had a right of action to sue individually for his alleged loss, this Court stated:
It is established that where the breach of fiduciary duty causes loss to a corporation itself, the suit must be brought as a derivative or secondary action. However, that is not the case where the breach of a fiduciary duty causes loss to a shareholder personally. In case of personal loss, the shareholder may sue individually to recover his loss.
Plaintiffs have misconstrued the language of this holding. We understand it to mean that if a shareholder suffers only an indirect loss in the form of a decline in the value of his stock resulting from a loss sustained by the corporation due to mismanagement and/or breaches of fiduciary duty, that shareholder may only bring a derivative action on behalf of the corporation. However, if the breach of fiduciary duty causes a direct loss to the shareholder, as was the case in Wilson where the shareholder, but not the corporation, suffered a loss, that shareholder may have a right to sue individually. See, Bordelon v. Cochrane, supra; Landry v. Thibaut, 523 So.2d 1370 (La.App. 5th Cir.), writs denied, 526 So.2d 809 (1988).
In the instant case, the nature of the losses asserted in plaintiffs' individual claim were unquestionably indirect in nature. They alleged a decline in the value of Premier stock which was suffered not only by plaintiffs, but by all Premier's shareholders. Therefore, plaintiffs had no right of action in their individual capacity to bring a claim against defendants. The ruling of the trial court maintaining defendants' exception of no right of action with respect to plaintiffs' claim for damages in their individual capacity is affirmed.

ISSUE TWO[1]
Although plaintiffs do not categorize the present proceeding as a class *546 action and have not moved for certification as such (which will be necessary for it to move forward), this suit must be considered as a class action derivative suit, since it was brought by the Palowskys on behalf of Premier and all its shareholders.[2] One of the requisites for maintaining a class action is that the class be represented by one or more class members "who will fairly insure the adequate representation of all members." La.C.C.P. art. 592. The assertion that the Palowskys do not meet this requirement because they have interest adverse to that of Premier and its shareholders is the essence of defendants' exceptions of no right of action and lack of procedural capacity. The basis of defendants' assertion is the existence of several lawsuits between the Palowskys and Premier and/or it subsidiaries involving suits on notes and other matters, which defendants claim create a conflict of interest between the Palowskys and Premier and its shareholders.[3]
Neither an exception of no right of action nor an exception of lack of procedural capacity was the proper procedural device for raising this issue. See, Stevens v. Board of Trustees of Police Pension Fund, 309 So.2d 144 (La.1975). The issue raised by the peremptory exception urging the objection of no right of action is whether the plaintiff has a right or legal interest in the subject matter of the suit at issue. Directional Wireline Services v. Tillett, 552 So.2d 1201 (La.App. 1st Cir.), writs denied, 551 So.2d 1343 and 551 So.2d 1344 (1989). The dilatory exception of lack of procedural capacity raises the issue of want of capacity of the plaintiff to institute and prosecute the action and stand in judgment and/or challenges the authority of a plaintiff who appears in a purely representative capacity. State v. Preferred Accident Insurance Co. of N.Y., 149 So.2d 632 (La.App. 1st Cir.1963). These exceptions are not directed to the actual issue raised by defendants' contentions in the present case, which was whether the Palowskys were adequate representatives to maintain a class action derivative suit under La. C.C.P. arts. 591-597.
Although defendants could have raised this issue as to the adequacy of plaintiffs' representation by several means, including a peremptory exception of improper use of a class action or a contradictory rule, Stevens, supra; Livingston P. Pol. Jury v. Ill. Cent. Gulf R., 432 So.2d 1027 (La.App. 1st Cir.), writ denied, 437 So.2d 1137 (1983), they could not do so through exceptions raising objections of no right of action or lack of procedural capacity. *547 Stevens, 309 So.2d at 152. The defendants' exceptions of no right of action and lack of procedural capacity were not well-founded. Plaintiffs, as shareholders in Premier, clearly had an interest in the subject matter of this derivative suit. Further, the defendants' claim as to plaintiffs' conflict of interests did not properly relate to plaintiffs' procedural capacity to bring this suit, but rather, to their ability to maintain this suit as a class action. Accordingly, the trial court erred in maintaining these exceptions.

CONCLUSION
For the reasons assigned, the judgment of the trial court judgment dismissing the shareholder's derivative suit filed by plaintiffs is reversed. The judgment of the trial court is affirmed in all other respects.[4] This matter is remanded to the trial court for further proceedings consistent with this opinion.
Plaintiffs and defendants are each to pay one-half the costs of this appeal.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.
NOTES
[1] Defendants argue in brief that this Court does not have jurisdiction to review the trial court's May 11, 1990, judgment maintaining defendants' exceptions to plaintiffs' derivative claim because plaintiffs did not take an appeal from this judgment, but only appealed from that judgment signed on August 21, 1990, which dismissed plaintiffs' individual claim against defendants on an exception of no right of action. This argument lacks merit.

While the trial court's May 11, 1990 judgment did maintain defendants' exceptions of no right of action and lack of procedural capacity, it did not dismiss plaintiffs' suit, but allowed them leave to amend their petition. Such a judgment is interlocutory in nature and is not appealable. Ricks v. Roberson, 349 So.2d 961 (La.App. 1st Cir.1977); Taylor v. Consol. Rail Corp., 391 So.2d 1351 (La.App. 4th Cir.1980). Therefore, plaintiffs are entitled to review of the trial court's May 11, 1990 interlocutory ruling in conjunction with this appeal from the final judgment dismissing their suit.
[2] In Louisiana a shareholder's secondary or derivative suit may be brought either as a class action pursuant to the provisions of La.C.C.P. arts. 591-597 (C.C.P. art. 596 deals specifically with derivative actions) or, if it is not impracticable for all shareholders or members of a corporation to be joined in the suit, a secondary action may be brought under La.C.C.P. art. 611. In this case, it was established that the average number of shareholders in Premier exceeds ten thousand, obviously making it impracticable for all shareholders to be joined in the suit pursuant to art. 611. This is an additional reason we consider this suit to be in the nature of a class action suit brought pursuant to arts. 591-597. However, a determination by the trial court as to whether this suit may properly be maintained as a class action, pursuant to this article, is a prerequisite for this matter to move forward. La.C.C.P. art. 593.1 A.
[3] In view of our subsequent holding, we will not treat the issue of whether defendants established plaintiffs had adverse interests or a conflict of interest of such a nature as to preclude them from fairly representing Premier and its shareholders. However, we note that the evidence introduced to support defendants' exceptions appears in itself insufficient to do so.
[4] In this appeal the Palowskys also complain that the trial court erred in concluding that they had no right to inspect Premier's shareholder list. This precise issue was considered and disposed of by this Court in Stanley R. Palowsky, Jr. v. Premier Bancorp, Inc., 595 So.2d 670 (1991), in which it was held that the Palowskys were not entitled to inspection of Premier's shareholder list.