| .WHIPPLE, Judge.
This case is before us on appeal from a judgment in favor of plaintiff, H.R. Graf, in which the trial court: (1) denied defendant’s exceptions, (2) denied defendant’s motion for summary judgment, and (3) granted plaintiffs motion for partial summary judgment declaring the Mayor’s Court of the Town of St. Gabriel unconstitutional according to the 1974 Louisiana Constitution.
Plaintiff filed this suit for declaratory judgment as a class action; however, the class has not yet been certified. This case arises out of the establishment and operation of the Mayor’s Court of the Town of St. Gabriel, and the dispute centers on the interpretation of the 1974 Louisiana Constitution and its effect, if any, on the Law-rason Act.
In his petition, plaintiff contends the 1974 Constitution prohibits the establishment of any new Mayor’s Courts (or any court with less than parishwide jurisdiction) after the effective date of the 1974 Constitution, and therefore, plaintiff alleges that the Town acted unconstitutionally in creating and operating a Mayor’s Court in 1995. To the contrary, the defendant *2 contends that the 1974 Constitution has no effect on the authority of the Town to establish a Mayor’s Court and that the Town did not exceed its constitutional authority in creating a Mayor’s Court in 1995.
The facts of the case are undisputed. The Town of St. Gabriel was incorporated in 1994, pursuant to the “Lawrason Act,” Act No. 136 of 1898. See LSA-R.S. 33:1 et seq. As enacted, the Lawrason Act created a mechanism for the incorporation of municipalities in Louisiana, and it authorized such municipalities to form a new type of court, the Mayor’s Court. Pursuant to the Lawrason Act, a municipality could establish a Mayor’s Court without the need for enabling legislation. See LSA-R.S. 33:441. In 1995, the Town of St. Gabriel established a Mayor’s Court, allegedly acting pursuant to LSA-R.S. 33:441. The Mayor’s Court 13for the Town of St. Gabriel held court proceedings from May 1, 1995, until July 8, 1996, the date of the last proceeding in the Mayor’s Court.
The jurisdiction of the St. Gabriel May- or’s Court included certain criminal offenses, as defined by Ordinance No. 9 of the Town of St. Gabriel, and traffic offenses, as defined by Title 32 of the Louisiana Revised Statutes, committed within the geographic limits of the Town of St. Gabriel. However, not all criminal or traffic offenses committed within the Town of St. Gabriel were processed through the Mayor’s Court. Under the plan established by the Town of St. Gabriel, the Mayor’s Court purported to have authority: (1) to adjudicate innocence or guilt of crimes; (2) to hold persons in contempt; and (3) to order the incarceration of persons, although this power was never exercised. The court did not purport to have the authority to issue orders for seizure of property nor to conduct civil trials.
Importantly, inasmuch as the geographic limits of the Town of St. Gabriel do not encompass the entire Parish of Iberville, the territorial jurisdiction of the St. Gabriel Mayor’s Court was less than parish-wide.
From May 1, 1995 through July, 1996, in excess of five hundred persons were cited, summoned or notified to appear before the Mayor’s Court for the Town of St. Gabriel for criminal or traffic violations which were allegedly subject to the jurisdiction of the Mayor’s Court, with the Honorable George Grace, the Mayor of St. Gabriel, presiding.
On December 25, 1995, plaintiff, H.R. Graf, received a traffic citation in the Town of St. Gabriel which directed him to pay a fine or appear before the St Gabriel Mayor’s Court. Graf subsequently appeared before the Mayor’s Court, pleaded not guilty, and was given a trial date. At trial, he was found guilty and ordered to pay a fine and costs in the amount of $156.75. Graf paid the fine and did not appeal the conviction.
|4On July 17, 1996, Graf filed the suit from which this appeal arises, individually and as the proposed representative plaintiff, and requested that the matter be certified as a class action on behalf of all persons who were cited to appear before the Mayor’s Court of St. Gabriel. In the suit, plaintiff alleges that the Mayor’s Court for the Town of St. Gabriel is unconstitutional and had no authority to exercise jurisdiction over either ordinance violations or over persons. In the petition, Graf seeks a declaratory judgment as to the constitutionality of the Mayor’s Court for the Town of St. Gabriel and alleges causes of action for damages under both state tort law (tortious conversion, fraud, abuse of process, malicious prosecution, and LSA-C.C. art. 2315, generally) and under 42 U.S.C.A. § 1983, et seq. Additionally, Graf seeks damages and reimbursement for all fines, costs and other fees paid to the Town by him and other members of the class as a result of the proceedings of the St. Gabriel Mayor’s Court and other equitable relief. Graf also filed a motion for class certification.
*3 In response, the Town filed peremptory-exceptions of no cause of action and no right of action, and improper use of class action. Plaintiff opposed the Town’s exceptions and filed a Motion for Summary Judgment, seeking declaratory judgment concerning the constitutionality of the Mayor’s Court. The Town responded with a cross-motion for summary judgment on the constitutionality issue and an objection to class certification.[1] A hearing on these various matters was conducted on January 14, 1997.[2] By judgment dated February 6, 1997, as amended on February 25, 1997, the trial court: (1) denied the exceptions Isfiled by the Town of St. Gabriel; (2) denied defendant’s motion for summary judgment; (3) granted plaintiffs motion for summary judgment, thereby declaring the Mayor’s Court of the Town of St. Gabriel unconstitutional under the 1974 Louisiana Constitution; and (4) continued without date all other matters (particularly, the class certification issues) scheduled to be heard that day.
From this judgment, defendant appeals.
DISCUSSION
At the outset, we are compelled to note a procedural issue, which directly affects the appeal before us. As the record indicates, the trial court herein ruled on the exceptions and the motions for summary judgment before determining whether the action may be properly maintained as a class action. Louisiana Code of Civil Procedure article 593.1 (repealed by Acts 1997, No. 839, § 2), which governs this action, mandated that the court rule on defendant’s exception to commencement of this matter as a class action as a prerequisite to any further proceedings herein. LSA-C.C.P. 593.1(A);[3] See Palowsky v, Premier Bancorp, Inc., 597 So.2d 543, 546 n. 2 (La.App. 1st Cir.1992).
In the instant case, despite the fact that the motion to certify the matter as a class action and the exception objecting to maintaining this suit as a class action |fiwere scheduled for hearing at the same time as the matters now on appeal, and despite the fact that both defendant and plaintiff had filed memoranda regarding the class action issue, the trial court refused to determine whether the matter should be maintained as a class action and chose instead to pretermit and continue indefinitely these issues which were scheduled to be heard *4 pending a decision by this court on appeal.[4]
Foregoing a decision whether this matter was appropriate for class action, and whether plaintiff was the proper representative to assert the suit on behalf of a cognizable class, the trial court held that plaintiff had a right of action to assert a civil action for declaratory judgment to challenge his final criminal conviction (even where he had not excepted or otherwise objected to the assertion of jurisdiction by the Mayor’s Court) and had a lawful cause of action for declaratory judgment to challenge the constitutionality of the Mayor’s Court through a suit for declaratory judgment.[5]
With respect to defendant’s exception of “no right of action and/or improper use of class action,” wherein defendant challenged the suitability of using a class action civil proceeding for declaratory judgment to challenge the authority and jurisdiction of a criminal court and questioned whether this particular case met the legal requirements for certification and maintenance of the action as a class action, |7the trial court specifically declined to rule. Nonetheless, the trial court proceeded to consider the merits of plaintiffs demand by considering plaintiffs motion for summary judgment and rendering declaratory judgment “in favor of the plaintiff regarding their motion for summary judgment.” (Emphasis added.)[6]
In the present case, defendant sought to raise the issue of the non-availability of the class action device by peremptory exception objecting to the maintenance of this suit, filed as a petition for declaratory judgment on behalf of an alleged class, including Graf. However, the trial court declined to rule on defendant’s challenge to the suit. The function of the peremptory exception is to have plaintiffs action declared legally non-existent, or barred by effect of law. Stevens v. Board of Trustees of Police Pension Fund of City of Shreveport, 309 So.2d 144, 152 (La.1975). The exception to use of a class action is of so fundamental a nature as to be a peremptory objection which may be pleaded at any stage of the proceeding prior to submission to the trial court. Stevens, 309 So.2d at 152.
Class actions in Louisiana are a relative novelty. Where, as here, the right to proceed by class action was contested, the trial court was required, pursuant to LSA-C.C.P. art. 593.1, to determine whether this matter could be properly maintained as a class action as a prerequisite to any further proceedings herein. Otherwise, absent a finding that the action should be maintained as a class action and *5 certification of the action accordingly, the trial court was required to dismiss the action or “permit amendment of the pleadings ... to permit maintenance thereof as an ordinary proceeding on behalf of parties expressly named therein.” The record shows that neither action was taken.
lsThe trial court’s ruling on the merits “in favor of the plaintiff regarding their motion for summary judgment” without determining whether or not a class action was appropriate herein contravenes the express wording of LSA-C.C.P. art. 593.1:“[T]he court, ... on trial of any exception directed to such issue, shall determine whether the action ... may be properly maintained as a class action.”
As an appellate court, we are empowered to render any judgment which is just and proper upon the record. LSA-C.C.P. art. 2164. Although defendant did not appeal on this basis and plaintiff did not answer the appeal to challenge the trial court’s failure to certify the matter on behalf of the purported class, we find the trial court erred as a matter of law in not addressing this fundamental challenge to the suit. Thus, we conclude that remand is necessary in the interest of justice to allow the trial court to fully consider defendant’s challenge to plaintiffs action for declaratory judgment, asserted individually and on behalf of a purported class.
Because a ruling on the propriety of class certification could result in dismissal of this action, or require amendment of the pleadings to clearly indicate the capacity in which the parties appear and to expressly name the parties involved, and in view of the confused state of the record herein, we hereby vacate the judgment of the lower court and remand for further proceedings in accordance with the views expressed herein. On remand, the trial court is to consider defendant’s exception to use of class action and shall clearly indicate in any judgment rendered the identity of the parties and the capacity in which the parties appear. Assessment of costs is declined pending further proceedings.
JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS,

. Although it is undisputed that the defendant filed a Cross-Motion for Summary Judgment on the constitutionality issue, such motion and any memorandum in support are not included in the trial court record.

. The matters plaintiff presented to the trial court were (1) the motion for summary judgment, (2) the motion for class certification, and (3) the motion to compel. The matters defendant presented to the trial court were (1) the cross-motion for summary judgment (2) exceptions of no cause of action and no right of action, and (3) exception to class certification.

. We note that LSA-C.C.P. art. 593.1 (repealed by Acts 1997, No. 839, § 2) governs the class certification procedure in this action because this suit was filed prior to the effective date of the repealing and amending act which states that the new articles on class action procedure apply only to actions filed on or after the effective date of July 1, 1997. 1997 Acts, No. 839, § 3. Former article 593.1 provided in relevant part:
A. After commencement of an action by or on behalf of parties alleged to be members of a class, the court, on its own motion, or on the motion of any party or on trial of any exception directed to such issue, shall determine whether the action may be properly maintained as a class action as a prerequisite to any further proceedings therein. If the court finds that the action should be maintained as a class action, it shall certify the action accordingly; otherwise the action shall be dismissed. The court may permit amendment of the pleadings in the action to permit maintenance thereof as an ordinary proceeding on behalf of parties expressly named therein.
B. In the process of class certification or at any time thereafter before decision on the merits, the court may alter, amend or recall its certification and may enlarge, restrict, or otherwise redefine the constituency of the class or the issues to be main *4 tained in the class action. (Emphasis added.)

. According to the transcript, the trial court ended the hearing with the following comments: “The motion to compel I’ll hear. And the class certification I’m not going to make— we haven’t heard— I don't want to hear that today. Let’s take this up [on appeal and], we'll start over and I've heard enough on the Town of St. Gabriel this evening.”

. The trial court concluded that plaintiff’s failure to challenge the authority of the court in the criminal proceedings while pending did not prohibit the filing of a civil cause of action challenging the constitutional authority of the court to operate after termination of all criminal proceedings against plaintiff. The court also rejected defendant's argument in support of this exception that there was no justiciable controversy ripe for declaratory judgment because there was no pending dispute.
With respect to the exception of no right of action, defendant asserted that plaintiff had no standing to challenge the authority of the court on his own behalf and lacked standing to challenge the criminal convictions of other individuals in the subsequent civil proceeding. The trial court denied these exceptions.

.We are further concerned that the written judgment rendered herein recites that judgment is rendered “in favor of the plaintiff regarding their motion for summary judgment” in view of the fact that the motion for summary judgment and memorandum in support thereof were filed only on behalf of Graf, individually, and do not indicate that he was requesting summary judgment on behalf of anyone else.