MICHAEL E. KIRBY, Judge.
Defendant/plaintiff-in-cross-claim, Mr. Frank Stewart, Jr., appeals the October 30, 2002 judgment in which the trial court maintained the exception of no right of action and, alternatively, the exception of lis pendens filed by defendant-in-eross-claim, Mr. Bob Dean, in response to Mr. Stewart’s amended cross-claim filed on August 1, 2002.
An earlier decision of this Court, Cook v. Hibernia National Bank, 2001-0455, pp. 1-4 (La.App. 4 Cir. 4/10/02), 816 So.2d 901, 902-903, sets forth the facts and procedural history of this case as follows:
This case involves the consolidation of eight nursing homes into a single enterprise to be listed on a public stock exchange. Debra Dean Cook (hereinafter “Cook”), plaintiff in the main demand, and her brother, Dean, defendant in the main demand, were both partial owners of each of the eight nursing homes by virtue of being shareholders or partners. Stewart, defendant in the main demand and plaintiff in cross-claim, was an owner in two of the nursing homes by virtue of being a shareholder or a partner. Specifically, Stewart was a shareholder in Maison Orleans II, Inc., and a general partner in Maison Orleans Partnership in Commendam.
The owners sought the services of Hibernia National Bank (hereinafter “Hibernia”) to perform the [ ^consolidation of the nursing home debts and cross-collat-eralization among the eight homes. On October 8, 1997, the nursing homes entered into a loan agreement, in which Hibernia extended the enterprise a $23 million loan. Of that, $14 million went towards the consolidation of the nursing homes’ debt, and $9 million was made available as an additional line of credit. The loan agreement restricted the use of the available funds to purchasing other nursing homes, renovations, and buying out minority shareholders. The loan proceeds were restricted to commercial use. The guarantors of this loan were Dean, Cook, and Billie F. Dean. Stewart was not a guarantor of the loan and he did not sign the loan agreement. Also, Stewart was not a signatory to the September 1998 addendum to the loan agreement, or to the second amendment to the loan agreement of 1999.
Dean, principal manager of the nursing homes, had a relationship with Hibernia, separate from the nursing home enterprise. Hibernia had made unsecured loans to Dean prior to the loan agreement above. Stewart alleged that Hibernia and Dean, notwithstanding the restrictions set forth in the loan agreement, collateralized Dean’s unsecured personal loans with the nursing homes’ assets. These proceeds were allegedly used to finance personal projects of Dean, independent of the nursing home enterprise. Stewart alleged that these personal investments of Dean depleted the nursing homes’ line of credit, wasted the debt resources, encumbered assets, and devalued the enterprise, which never went public.
As these events became apparent, Cook filed a shareholder’s derivative suit on behalf of the nursing homes. Cook named Dean and Stewart as nominal defendants in that action. Cook, in her petition, alleged that Dean conspired with Hibernia to misdirect company funds and misappropriate corporate opportunities for personal gain. Cook further alleged that Hibernia was able to raise itself to the status of secured creditor by allowing Dean to secure his personal loans with the nursing homes’ assets.
Stewart filed a cross-claim against his co-defendants, Hibernia and Dean, in *178 which he alleged many of the same facts as Cook in her petition. Stewart further alleged that he lost the opportunity to sell his interests as other minority owners had, and that he suffered personal financial damage by the devaluation of the nursing home enterprise. Stewart also alleged that as |3a general partner in the partnership in commendam, he undertook the liability of the partnership, which he alleged Dean mismanaged. Stewart claimed that liability imposed on him by Cook’s petition should be imputed to the culpable actors, Hibernia and Dean. Stewart claimed that he suffered damages personally and that Hibernia and Dean were liable to the extent that any liability might fall upon him as a result of Cook’s suit.
Stewart filed a cross claim for damages he sustained personally due to the alleged misdeeds of Hibernia and Dean; those damages, Stewart asserts, are distinct from the damages sustained by the nursing homes.
In response to Stewart’s claim, Hibernia filed Exceptions of Vagueness, Lack of Conformity with La. C.C.P. art. 891, No Right of Action, and No Cause of Action. On November 3, 2000, after a hearing on these exceptions, the trial court sustained the exceptions of No Right of Action and No Cause of Action. The trial court further stated that Hibernia’s other exceptions were rendered moot by its ruling. It is from this judgment that Stewart takes the instant appeal.
In the earlier appeal, this Court affirmed the trial court judgment maintaining Hibernia’s exceptions of no cause of action and no right of action. This Court found that Mr. Stewart did not have a personal right of action to sue Hibernia because the damages asserted by Mr. Stewart in his cross-claim were not separable from the damages sustained by the corporation and partnership in which Mr. Stewart had interests. Similarly, this Court found that Mr. Stewart did not state a cause of action against Hibernia because the damages alleged by Mr. Stewart belonged to the nursing homes in which he had interests, and not to Mr. Stewart personally. This Court found that even though Mr. Stewart’s claims are totally indirect and/or derivative, he might be able to state a direct cause of action against | JHibernia for fraud. Therefore, this Court remanded the case to allow Mr. Stewart to amend his claim to allege personal fraud if he so chose.
On remand, Mr. Stewart filed an amended cross-claim, again naming Hibernia and Mr. Dean as defendants-in-cross-claim. The amended cross-claim contains 492 paragraphs wherein Mr. Stewart alleges 113 separate transactions in which he claims Hibernia improperly authorized Mr. Dean to divert loan proceeds advanced under the nursing home loan agreement for his personal gain.
Mr. Dean filed exceptions of no right of action and lis pendens to Mr. Stewart’s amended cross-claim. The trial court maintained the exception of no right of action and, alternatively, maintained the exception of lis pendens. Mr. Stewart appeals.
The exception of no right of action states that the damages alleged by Mr. Stewart in the amended cross-claim are not separable from the damages sustained by the corporation and partnership in which Mr. Stewart had interests. Therefore, Mr. Dean argues- that Mr. Stewart has not stated a personal right of action against Mr. Dean. This was the same argument advanced by Hibernia in the earlier appeal involving Mr. Stewart’s original cross-claim. This appeal involves only the claims brought against Mr. Dean in Mr. *179 Stewart’s amended cross-claim. Mr. Stewart argues that he has a personal right of action against Mr. Dean for damages allegedly caused by Mr. Dean’s breach of fiduciary duty.
The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of | ¡^action asserted in the suit. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, pp. 4-5 (La.11/30/94), 646 So.2d 885, 888, citing Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). A shareholder of a corporation does not generally have a right to sue personally for alleged -losses sustained by the corporation due to mismanagement and/or a breach of fiduciary duties. Palowsky v. Premier Bancorp, Inc., 597 So.2d 543, 545 (La.App. 1 Cir.1992). Rather, a shareholder may only sue to recover losses to a corporation resulting from mismanagement and breaches of fiduciary duties secondarily through a shareholder’s derivative suit. Id.
In Paloivsky, the First Circuit held that if a shareholder suffers only an indirect loss in the form of a decline in the value of his stock resulting from a loss sustained by the corporation due to mismanagement and/or breaches of fiduciary duty, that shareholder may only bring a derivative action on behalf of the corporation. Id. at 545. However, if the breach of fiduciary duty causes a direct loss to the shareholder, but not to the corporation, that shareholder may have a right to sue individually. Id.
Similarly, a partner in a partnership does not have a personal right of action to allege damages to the partnership. See, Dolby v. U.S. Fidelity & Guaranty Co., 365 So.2d 568, 570 (La.App. 1 Cir.1978). This Court in Cook v. Hibernia National Bank, 2001-0455 at p. 7 (La.App. 4 Cir. 4/10/02), 816 So.2d at 905, stated that as long as a partnership exists, not dissolved or liquidated, the partnership itself is the proper party to maintain an action for damages.
IfiMr. Stewart argues that the case of Talbot v. C & C Millworks, Inc., 97-1489 (La.App. 1 Cir. 6/29/98), 715 So.2d 153, supports his position that he has a personal right of action against Mr. Dean. In Talbot, a minority shareholder filed suit both as an individual and in a derivative capacity. The trial court maintained a partial exception of no right of action as to the individual claim, but the First Circuit reversed, finding that it was procedurally improper for the trial court to maintain the exception because the derivative action and the individual action were based on the same set of operative facts. This Court, in Cook v. Hibernia National Bank, 2001-0455 (La.App. 4 Cir. 4/10/02), 816 So.2d 901, has already held that Mr. Stewart’s reliance on the Talbot case is misplaced because he has asserted only an individual right of action in this matter.
Furthermore, the case of Dutton & Vaughan, Inc. v. Spurney, 496 So.2d 1126 (La.App. 4 Cir.1986), relied upon by Mr. Stewart does not support his position that he has a personal right of action against Mr. Dean. In that case, this Court allowed a private contractor to state a cause of action against the officers and directors of a corporation based on the alleged fraudulent actions of those officers and directors. The Dutton & Vaughan case did not involve a shareholder attempting to assert a personal right of action against an officer or director of a corporation.
In his amended cross-claim, Mr. Stewart has asserted details of transactions that he claims show that Mr. Dean encumbered the assets of the nursing homes for his own benefit, improperly disbursed loan *180 proceeds and caused the nursing homes |7to miss business opportunities. He claims that these actions devalued his interests in the nursing homes and as a result, he has suffered damages individually. He alleges that these damages include the loss of a buyout opportunity of his corporate interest and the risk of liability for the mismanagement of the partnership in commen-dam.
Notwithstanding the exhaustive detail of transactions presented in Mr. Stewart’s amended cross-claim, the fact remains that the damages alleged by Mr. Stewart against Mr. Dean, even if true, are not separable from damages to the nursing home entities. Regardless of Mr. Stewart’s characterization of the nature of the allegations in his amended cross-claim, our review of this pleading leads us to conclude that the personal harm alleged by Mr. Stewart is that Mr. Dean’s breach of fiduciary duty owed to Mr. Stewart resulted in a decline in value of his interests in the two nursing homes at issue. This type of indirect loss would affect all shareholders or partners in these entities and does not entitle Mr. Stewart to assert a personal right of action against Mr. Dean. The claims asserted by Mr. Stewart belong to the entities, and not to Mr. Stewart personally. Therefore, the trial court did not err in maintaining Mr. Dean’s exception of no right of action.
Mr. Stewart also argues that the trial court erred in granting Mr. Dean’s exception of lis pendens filed in response to Mr. Stewart’s amended cross-claim. However, our finding that the trial court correctly maintained Mr. Dean’s exception of no right of action disposes of the lis pendens issue.
|sFor the reasons stated above, the trial court judgment maintaining Mr. Dean’s exception of no right of action is affirmed. Mr. Stewart’s amended cross-claim against Mr. Dean is dismissed with prejudice.
AFFIRMED.
ARMSTRONG, C.J., Concurs in the Result.