THERIOT, J.
Kimberly Robinson, Secretary of the Louisiana Department of Revenue ("the Department"), appeals the judgment of the Nineteenth Judicial District Court ("19th *111 JDC") granting Justin Ulrich, Gwen Ulrich, Raymond Alleman, and Pam Alleman's motion for class certification. For the following reasons, we deny the Department's writ application; reverse the trial court's judgment certifying the class action and remand this matter to the trial court for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
The Ulrichs and the Allemans are Louisiana residents seeking to challenge the constitutionality of 2015 La. Act No. 131 (eff. June 19, 2015), amending and reenacting subsections of La. R.S. 47:6030 relative to the solar energy systems tax credit. Louisiana Revised Statutes 47:6030 provides for a tax credit for Louisiana residents who purchase or lease and install a qualified solar energy system on residential property prior to January 1, 2018. This statute became effective on July 10, 2007.
During the 2015 regular legislative session, the Louisiana Legislature enacted Act 131, which placed certain caps on the solar energy systems tax credits provided for in La. R.S. 47:6030(B). This amendment became effective on June 19, 2015. As amended by Act 131, La. R.S. 47:6030 states, in relevant part[1] :
(B)(1)(c) Beginning in Fiscal Year 2015-2016, the maximum amount of tax credits for purchased systems which may be granted by the department on any return, regardless of tax year, shall be as follows:
(i) For tax credits claimed on returns filed on or after July 1, 2015, and before July 1, 2016, no more than ten million dollars of tax credits shall be granted.
(ii) For tax credits claimed on returns filed on or after July 1, 2016, and before July 1, 2017, no more than ten million dollars of tax credits shall be granted.
(iii) For tax credits claimed on a return filed on or after July 1, 2017, no more than five million dollars of tax credits shall be granted.
(iv) The granting of credits shall be on a first-come, first-served basis.
On June 4, 2015, fifteen days before Act 131 went into effect, the Ulrichs purchased and installed a solar electric system into their home. Similarly, on June 10, 2015, nine days before Act 131 went into effect, the Allemans purchased and installed a solar electric system into their home.
Both the Ulrichs and the Allemans subsequently filed 2015 income tax returns, in which they sought a solar energy systems tax credit. Because the cap imposed by Act 131 had already been met, the Department denied their respective tax credits. The denial letters informed them of their right to appeal the decision to the Louisiana Board of Tax Appeals within 60 days of the date on the letter pursuant to La. R.S. 47:1625. The Ulrichs' denial letter was dated August 22, 2016, while the Allemans' denial letter was dated August 17, 2016.
On September 19, 2016, the Ulrichs and the Allemans filed a class action petition for declaratory action, seeking to have Act 131 declared unconstitutional to the extent that it retroactively deprived taxpayers of property rights to a solar credit vested prior to June 19, 2015. The respective appeals to the Louisiana Board of Tax Appeals were attached to their petition. Both appeals to the Louisiana Board of Tax Appeals were designated as a "class action petition to appeal refund denial" and included *112 the language "individually and on behalf of all others similarly situated."
On October 31, 2016, the Department filed several exceptions with the 19th JDC, including a dilatory exception of lack of procedural capacity and a peremptory exception of improper use of class action procedure.[2] On November 10, 2016, the Ulrichs and the Allemans filed a motion to certify their class action.
In a judgment signed on March 27, 2017, the trial court overruled the Department's exceptions, including the exceptions of lack of procedural capacity and improper use of class action procedure. The Department subsequently filed a writ application with this court seeking review only of the trial court's denial of its exceptions of lack of procedural capacity and improper use of class action procedure. The writ was referred to this panel on December 28, 2017.[3]
In a judgment signed on June 15, 2017, the trial court granted the Ulrichs' and the Allemans' motion to certify the class action. The class was certified as "Louisiana taxpayers that qualified for the La. R.S. 47:6030 Solar Credit between January 1, 2013 and June 18, 2015 and were denied the Solar Credit due to 2015 La. Act 131." This appeal by the Department followed.
ASSIGNMENTS OF ERROR
The Department assigns the following as error:
(1) The trial court erred by certifying the class without providing the defendant an adequate opportunity to pursue discovery.
(2) The trial court erred by finding that the numerosity requirement was satisfied even though the Plaintiffs failed to prove the purported class members had standing to assert a constitutional challenge.
(3) The trial court also committed legal error by failing to recognize the numerosity requirement cannot be satisfied because the sixty-day period set forth in La. R.S. 47:1625 is peremptive in nature and the individualized proof required to lodge a proper appeal within the stated time period cannot be extended through the tolling provision in La. C.C.P. art. 591(A).
(4) The trial court erred in finding the typicality and adequacy of representation requirements were satisfied because only the named plaintiffs showed they had standing to contest the constitutionality of Act 131 by having timely appealed the disallowance of their tax refund by denying the solar tax credit.
*113 (5) The trial court erred in finding the commonality requirement was satisfied because the Plaintiffs did not present any evidence to the Court concerning the pertinent retroactive periods for any of the purported class members.
(6) The trial court erred by accepting a class definition that requires the court to inquire into the merits of each class member's cause of action to determine whether they are within the class because their tax credit was denied solely because of the statutory caps set forth in Act 131.
(7) The trial court erred in finding the requirements of La. Code Civ. P. art. 591(B)(2) were satisfied because case law maintains certification under this provision is not appropriate when, as here, the circumstances of each claim will vary.
(8) The class action requirements are additionally not satisfied in light of Act 413, which moots the necessity to make any determination in this case, and given the relief afforded therein presumably drastically reduces the number of purported class members and introduces additional individualized issues.
STANDARD OF REVIEW
The trial court has much discretion in deciding whether a suit should be certified as a class action. State v. Ford Motor Co., 2006-1810 (La. App. 1 Cir. 6/27/07), 965 So.2d 438, 441, writ denied, 2007-1580 (La. 10/12/07),965 So.2d 405. The factual findings upon which a class action certification is based should be reviewed on appeal by the manifest error (clearly wrong) standard. Id. After the trial court makes its determination of fact, it exercises its discretion to certify the class or not. Id. This discretionary judgment must be reviewed on appeal by the abuse of discretion standard. Id.
DISCUSSION
The Department's Application for Supervisory Writ Review
As a preliminary matter, we first address the Department's application for supervisory writ review. As noted above, the Department's writ application seeks review of the trial court's denial of the Department's exceptions of lack of procedural capacity and improper use of class action proceeding. With regard to both exceptions, the Department's primary argument is that the purported class members have not demonstrated that they have preserved their individual right to appeal their tax claims under La. R.S. 47:1625, which requires taxpayers denied a tax credit by the Department appeal the denial to the Louisiana Board of Tax Appeals within 60 days from the date of the denial letter. The Department argues that the trial court's denial of the exceptions allowed purported class members with alleged perempted claims to seek a declaratory judgment regarding the constitutionality of Act 131.
The Department's exceptions challenge the Ulrichs' and the Allemans' abilities to meet their burden of proving the prerequisites for class action certification. The Department's peremption argument is more akin to La. Code Civ. P. art. 591(A)'s requirements that the claims or defenses of the representative parties be typical of the claims or defenses of the class and that the representative parties in a class action be able to fairly and adequately protect the interests of the class itself.
This court has previously observed that an exception of lack of procedural capacity was not the proper procedural device for raising a substantive issue (in that case, a conflict of interest) in a class action proceeding or derivative suit. See *114 Palowsky v. Premier Bancorp, Inc., 597 So.2d 543, 546 (La. App. 1st Cir. 1992). Further, the Department's exception of improper use of class action incorporates the same arguments that the Department presents in their appeal of the class certification. Accordingly, because both of the Department's arguments in the writ application are more applicable to the issue of whether the class was properly certified, we deny the Department's writ application and address these issues in the class certification analysis below.
The Department's Appeal
The Department's Assignments of Error numbers two through seven challenge the trial court's certification of the class. The class action is a nontraditional litigation procedure permitting a representative with typical claims to sue or defend on behalf of, and stand in judgment for, a class of similarly situated persons when the question is one of common or general interest to persons so numerous as to make it impracticable to bring them all before the court. Ford v. Murphy Oil U.S.A., Inc., 96-2913 (La. 9/9/97), 703 So.2d 542, 544. The purpose and intent of class action procedure is to adjudicate and obtain res judicata effect on all common issues applicable not only to the representatives who bring the action, but to all others who are "similarly situated," provided they are given adequate notice of the pending class action and do not timely exercise the option of exclusion from the class action. Id.
Louisiana Code of Civil Procedure article 591(A) states:
A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
(1) The class is so numerous that joinder of all members is impracticable.
(2) There are questions of law or fact common to the class.
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
(4) The representative parties will fairly and adequately protect the interests of the class.
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case. This prerequisite shall not be satisfied if it is necessary for the court to inquire into the merits of each potential class member's cause of action to determine whether an individual falls within the defined class.
The prerequisites for class certification set forth in La. Code Civ. P. art. 591(A) are referred to as the elements of numerosity, commonality, typicality, adequate representation, and objectivity (definability), and all must be present to maintain a class action. State v. Ford Motor Co. , 965 So.2d at 442. The burden of proving the necessary elements is on the party seeking to maintain the class action. Id. Conclusory allegations of a pleading alone are insufficient to establish the existence of a class. Id.
The Department argues on appeal that the Ulrichs, the Allemans, and the other purported class members cannot satisfy the requirements of La. Code Civ. P. art. 591(A) because there is no evidence that all of the purported class members have standing to challenge the constitutionality of Act 131. According to the Department, any purported class members who failed to appeal their respective denials within the 60-day period provided in La. R.S. 47:1625 have lost standing to challenge the constitutionality of Act 131.
*115 Louisiana Revised Statutes 47:1625 states in relevant part:
A. (1) If the collector fails to act on a properly filed claim for refund or credit within one year from the date received by him or if the collector denies the claim in whole or in part, the taxpayer claiming such refund or credit may appeal to the Board of Tax Appeals for a hearing on the claim filed. No appeal may be filed before the expiration of one year from the date of filing such claim unless the collector renders a decision thereon within that time, nor after the expiration of sixty days from the date of mailing by registered mail by the collector to the taxpayer of a notice of the disallowance of the part of the claim to which such appeal relates. (Emphasis added.)
The Department argues that purported class members who allegedly failed to timely appeal their denials pursuant to La. R.S. 47:1625 cannot challenge the constitutionality of Act 131. We agree. In Church Point Wholesale Beverage Co., Inc. v. Tarver , three taxpaying businesses filed suit seeking recovery of taxes paid under La. R.S. 26:342, a beer tax statute, on the grounds that the statute was unconstitutional. 614 So.2d 697, 698-99 (La. 1993). The Supreme Court of Louisiana held that because the taxpayers' right to a refund had already prescribed, there was no actual dispute or controversy. Id. at 708. As a result, the taxpayers had no interest in seeking a judgment declaring the Beer Tax Statute as unconstitutional and therefore lacked standing to seek declaratory judgment. Id. at 708. Accordingly, any opinion rendered on the constitutionality of the Beer Tax Statute would be an advisory opinion and thus prohibited by the constitution. Id. at 708.
As applied to the present case, the potential standing issues factor into the class certification analysis. For example, the issues regarding the standing of the purported class members hinder both the typicality element and the adequate representation element of class certification. The typicality element of La. Code Civ. P. art. 591(A)(3) requires that the claims of the class representatives be a cross-section, or typical, of the claims of all class members. Boyd v. Allied Signal, Inc., 2003-1840 (La. App. 1 Cir. 12/30/04), 898 So.2d 450, 464, writ denied , 2005-0191 (La. 4/1/05), 897 So.2d 606. Typicality is satisfied if the claims of the class representatives arise out of the same event, practice, or course of conduct giving rise to the claims of the other class members, and are based on the same legal theory. Id. at 464-65.
In the present case, it is unclear whether the claims of the class representatives - the Ulrichs and the Allemans - are typical of the purported class members. The Ulrichs and the Allemans were denied a tax credit because of Act 131. Further, the Ulrichs and the Allemans appealed to the Louisiana Board of Tax Appeals within the 60-day appeal window provided for in La. R.S. 47:1625 and, therefore, still have standing to pursue their claims. However, while it is clear that the Ulrichs and the Allemans have standing, the record is devoid as to whether the other purported class members appealed their respective claims to the Louisiana Board of Tax Appeals within the appropriate time period, thus making it unclear whether each purported class member has standing. If a purported class member lacks standing, the Ulrichs and the Allemans will no longer possess claims typical of that class member.
The issues regarding the standing of the purported class members to challenge the constitutionality of Act 131 also relate to whether the Ulrichs and *116 the Allemans can adequately represent the purported class members. The test for determining the existence of adequate representation consists of three elements: (1) the claims of the chosen class representatives cannot be antagonistic to or conflict with those of other class members; (2) the chosen representatives must have a sufficient interest in the outcome to ensure vigorous advocacy; and (3) counsel for the chosen representatives must be competent, experienced, qualified, and generally able to conduct the litigation vigorously. Boyd v. Allied Signal, Inc., 898 So.2d at 465.
It is clear that the Ulrichs and the Allemans have a sufficient interest in the outcome of this case; both testified at the hearing on the motion for class certification that they were entitled to a $12,500 tax credit from the state of Louisiana and subsequently denied that credit because of the cap imposed by Act 131. Further, we do not doubt the competency or qualifications of their chosen counsel. However, although the second and the third elements of adequate representation are satisfied, the first element is not. The claims of the Ulrichs and the Allemans conflict with the claims of any purported class members who lack standing for reasons detailed above. Appellees have not carried their burden of proving whether all of the purported class members timely appealed their respective tax credit denials to the Louisiana Board of Tax Appeals.
For these reasons, we find that the trial court manifestly erred in finding that the plaintiffs satisfied the prerequisites for class action certification set forth in La. Code Civ. P. art. 591(A). Consequently, the trial court abused its discretion in certifying the class action. We reverse the trial court's June 15, 2017 judgment granting the plaintiffs' motion for class action certification and remand this matter to the trial court for further proceedings consistent with this opinion.[4]
DECREE
We deny the writ application 2017-CW-0763 filed by the relator, Kimberly Robinson, Secretary Louisiana Department of Revenue, thereby affirming the trial court's March 27, 2017 judgment overruling the dilatory exception of lack of procedural capacity and the peremptory exception of improper use of class action procedure. We reverse the trial court's June 15, 2017 judgment in 2017-CA-1119, granting the motion to certify the class action filed by the appellees, Justin Ulrich, Gwen Ulrich, Raymond Alleman, and Pam Alleman, individually and on behalf of all others similarly situated. We remand this matter to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to Appellees, Justin Ulrich, Gwen Ulrich, Raymond Alleman, and Pam Alleman.
WRIT DENIED. JUDGMENT REVERSED AND REMANDED.
Chutz, J. Concurs and Dissents with Reasons
Pettigrew, J. concurs
McClendon, J. Concurs for Reason Assigned.
Welch, J. concurring and dissenting with reasons assigned

Louisiana Revised Statutes 47:6030 has subsequently been amended by 2015 La. Acts, No. 357, § 1 (eff. June 29, 2015) and 2017 La. Acts, No. 413, § 1 (eff. June 26, 2017).

The Department filed declinatory exceptions of lack of subject matter jurisdiction and lis pendens, dilatory exceptions of prematurity and lack of procedural capacity, and a peremptory exception of improper use of class action procedure.

Initially, this court declined to consider the Department's writ application due to the application's failure to comply with the Uniform Rules of Louisiana Courts of Appeal insofar as the Department did not include a copy of the exception pleading with its writ application. See Rule 4-5(C)(8), Uniform Rules of Louisiana Courts of Appeal ; see also Justin Ulrich, Gwen Ulrich, Raymond and Pam Alleman, individually and on behalf of all others similarly situated v. Kimberly Robinson, Secretary Louisiana Department of Revenue, 2017-0234 (La. App. 1 Cir. 5/30/17), 2017 WL 2334979 (unpublished writ action). The Department subsequently filed the instant writ application with this court that contained all pertinent documentation. See Rule 2-12.2, Uniform Rules of Louisiana Courts of Appeal ; see also Justin Ulrich, Gwen Ulrich, Raymond and Pam Alleman, individually and on behalf of all others similarly situated v. Kimberly Robinson, Secretary Louisiana Department of Revenue, 2017-0763 (La. App. 1 Cir. 12/28/17) (unpublished writ action).

We note that the Department raised two other questions on appeal. Specifically, the Department alleged that it had not had an adequate opportunity to pursue discovery and that 2017 La. Acts, No. 413, § 1 (eff. June 26, 2017), amending La. R.S. 47:6030 moots the necessity to make any determination in this case. Because we are reversing the trial court's certification, we pretermit ruling on the issues raised in the Department's Assignments of Error numbers one and eight.